CASE 63.—ACTION BY MARION W. RIPY AGAINST CHARLES
    CRONAN.—January 27.

# Ripy v. Cronan, &c.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Second Division).

Thos. R. Gordon, Judge.

Judgment for defendants. Plaintiff appeals.—Affirmed.

Brokers—Fraudulent Representations.—A real estate broker can-
    not be held liable for representing to an intending purchaser
    that the owner would not accept less than the sum named
    by the broker for the premises though the owner had in fact
    agreed with him to sell at a lower figure, in the absence of
    any confidential relation between the broker and intending
    purchaser or fraud to prevent inquiry or investigation by
    such purchaser.

BENNETT H. YOUNG and R. C. DAVIS for appellant.

POINTS AND AUTHORITIES.

1. In 20 Cyc. 14, under the title "Fraud," we find this concise
statement of the law:· "The simplest and perhaps the most
frequent case of fraud is that consisting of telling a deliberate
and intentional falsehood as to a material fact. Where a person
makes such a misrepresentation, intending that another shall act
upon it, and the latter does act upon it to his injury it is per-
fectly clear that an action of deceit will lie." The following
authorities will also be found in point:  (Morehead v. Eades, 3
Bush 121; Mecham on Agency, sec. 560; Cooley on Torts (3d Ed.)
823, 838, 953 and 954; Clark v. Tanners, 13 Ky. Law Rep. 922;
Campbell v. Hillman, 15 B. Mon. 508; Bullitt v. Farror, 6 L. R. A.
149 and notes; Kujeck v. Goldman, 150 N. Y. 176; Paddock v.
Bray, 88 S. W. 419; Fargo Gas. Co. v. Fargo Elec. Co., 37 L. R. A.
593; Motley v. Merc Trust Co., 100 N. Y. S. 281.)

2. In the case of Thompson v. Randall, &c., 28 Ky. Law Rep. 706, the defendant, Thompson, induced the plaintiffs to purchase an interest in a note executed by a third person, falsely representing that the note was secured by a mechanics lien. The plaintiffs relied upon the representations so made and purchased the note. No privity of contract existed between the plaintiffs and the defendant, but it was held that the facts warranted the finding that the defendant fraudulently induced the plaintiffs to purchase the note, and that they might recover the loss suffered by such fraud.

WALLACE & MILLER for Appellee Cronan.

POINTS AND AUTHORITIES.

1. The allegation that one is "an agent" of another is but a conclusion of law. The terms and considerations of the contract of agency should be alleged. (Am. & Eng. Enc. of Law (2d Ed.) vol. 1, p. 948; Langston v. Edwards, 21 Ky. Law Rep. 1277; Broooksville Railroad Co. v. Byron, 20 Ky. Law Rep. 1941; Bently v. Bustard, 16 Ben. Monroe 686; Wing v. Haydon, 10 Bush 280; Ency. of Pleading & Practice, vol. 12, p. 1032 and note; Moxley v. Moxley, 2 Met. 312.)

2. The statute provides that all proceedings of the School Board shall be entered in a book provided for that purpose. Therefore the School Board could not employ Cronan except by its action entered in said record. There is no such allegation in the petition for the simple reason there is no such record. (Ky. Stats., sec. 2953.)

3. Representations as to value or cost, or price paid, or offered for an article, or for real estate, or the price for which said article or real estate can be purchased made by a prospective vendor to his prospective vendee, even though false and made with the intention to deceive, are not material or actionable. The maxim caveat emptor applies. Holbrook v. Connor, 60 Me. 578, 11 Am. Rep. 21; Williams v. Hicks, 2 Ver. 36, 19 Am. Dec. 693; Lilienthal v. Suffolk Brewing Co. (Mass.) 12 L. R. A. 821; Bell v. Beyerson, 11 Iowa 233, 77 Am. Dec. 142; Saunder v. Hatterman, 2 Ired. Law 32, 37 Am. Dec. 404; Plummer v. Rigdon, 78 Ill. 222, 20 Am. Rep. 261; Collier v. Harkness, 26 Ga. 362, 71 Am. 262; Graffenstein v. Epstein, 23 Kas. 442, 33 Am. Rep. 171; Kent's Commentaries, vol. 2, p. 486; Vest v. Blackburn, Litt. Sel.' Cases 54; Moore v. Turbeville, 2 Bibb. 602; Marshall v. Peck, 1 Dana 609; Livermore v. Middlesboro, 106 Ky. 160; Peak v. Gore, 94 Ky. 536; German Nat. Bank v. Nagel, 26 Ky. Law Rep. 748; Newton

v. Levy, 26 Ky. Law Rep. 476; Perkins v. Embry, 24 Ky. Law Rep. 1990.)

4. The cases of Kice v. Porter, 21 Ky. Law Rep. 871, and Morehead v. Eades, 3 Bush 121, differentiated; see: (Parker v. Moulton, 114 Mass. 99, 19 Amer. Rep. 315.)

5. The motion to elect was properly sustained. (Civil Code, sec. 113, subsec. 4; Carroll's note to sec. 113, Carroll's Code; M. & C. Turnpike v. Weatherford, 98 Ky. 91; Alsop v. Central Trust Co., 100 Ky. 375.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMSIISONER—Affirming.

As it is admitted in the brief of counsel for appellant that the latter has abandoned the theory that appellee Charles J. Cronan was the agent of the Louisville school board in the transaction hereinafter referred to, we shall address ourselves to the sole question whether or not the second paragraph of appellant's petition states a cause of action. That paragraph is as follows:

"Comes the plaintiff, Marion W. Ripy, and for a second paragraph to his amended petition states: That he is a resident of the city of Louisville, Jefferson county, Ky.; that he is the owner of real and personal property in said city, and as such is a taxpayer, and that the taxes collected of him by the city of Louisville are devoted, among other things, to the support and maintenance of the city's public schools. Plaintiff states that he was duly elected at the November election, 1905, a member of the Louisville school board; that he qualified as such and took the oath of office, and has been since said time and is now a legally qualified and acting member of the Louisville school board from the Forty-eighth legislative district in Jefferson county, Kentucky. Plaintiff states that the Louisville school board is a corpor-

ation created and existing under and by virtue of the
laws of the State of Kentucky, with power to sue and
be sued, contract and be contracted with, and has
charge of the purchase and sale of school property
and general charge and supervision of the public
school system of the city of Louisville. Plaintiff
states that the defendant Charles J. Cronan is a reg-
ularly licensed and practicing real estate agent in the
city of Louisville, and was such at the time of the
happening of the matters hereinafter stated.

"Plaintiff states that heretofore one Edmonia
Shannon was the owner of and in possession of two
lots of ground on Pearl street, between Floyd and
Preston streets, in the city of Louisville. Plaintiff
states: That heretofore the defendant, the Louisville
school board, bought the property above mentioned
of Mrs. Edmonia Shannon through Charles J. Cro-
nan, a defendant herein. He says that at the time
of the purchase of said property the defendant
Charles J. Cronan caused to be presented to the
Louisville school board and did present to the Louis-
ville school board an option upon said property signed
by Edmonia Shannon agreeing to dispose of said
property to the Louisville school board for the sum
of $5,985, and at the time said option was presented
to the Louisville school board, and at the time it was
accepted by the Louisville school board, and at the
time said sum was paid over by the Louisville school
board for the purchase of said property, the defend-
ant Charles J. Cronan had in his possession and had
caused Edmonia Shannon to execute an agreement by
which she was to sell and dispose of said property to
the Louisville school board for the sum of $3,100.
That said sum of $5,985 was paid by the Louisville
school board for said property upon the representa-

tions made to the said board by the defendant Charles
J. Cronan that said sum was the lowest sum at which
said property could be purchased. Plaintiff says
that the defendant the Louisville school board, acting
upon the assurances and information given it by the
defendant Charles J. Cronan, paid said sum of $5,985
for said property, when in fact said property was
purchased for the sum of $3,100, and the difference
between the said sums, to-wit, $2,885, was obtained
from said school board through fraud, deceit, and mis-
representation, and is now illegally and wrongfully
withheld by said defendant Charles J. Cronan.

"Plaintiff states that, at the time the defendant
Charles J. Cronan made such representations to the
Louisville school board, he knew that he was deceiv-
ing the Louisville school board, and that the Louis-
ville school board was innocent of said fact that said
property could be purchased for the sum of $3,100,
and the Louisville school board believed and relied
upon and acted upon the representations made to it
by the defendant Charles J. Cronan. Plaintiff says:
That the defendant Charles J. Cronan at the time
had a written agreement with Edmonia Shannon, by
which said property could be purchased for the sum
of $3,100; that the Louisville school board did not
know of said fact until long after the purchase of
said property and long after it had paid the sum of
$5,985 for the same; that said option of $5,985 was
signed by Edmonia Shannon and given directly by
Edmonia Shannon to the Louisville school board;
that said agreement and option on the part of Ed-
monia Shannon to take $3,100 for said property was
never shown to the Louisville school board, and the
Louisville school board knew nothing of its existence
and believed and relied upon the assurance of the

defendant Charles J. Cronan that said property could be purchased only for the sum of $5,985. Plaintiff says that the sum of $5,985 was paid for said property on the 6th day of March, 1906, and that by reason thereof and the facts hereinbefore set out the defendant Charles J. Cronan is now indebted to the Louisville school board in the amount of said difference, to-wit, $2,885, with interest thereon from said date, and that no part of said sum has ever been paid, and that demand has been made therefor, and that same has been refused. Plaintiff further states that the defendant Louisville school board has, before the institution of this action by the plaintiff, refused to institute or prosecute any action therefor against the defendant Charles J. Cronan to recover from him the amount wrongfully taken from it as aforesaid, and which sum belongs to the Louisville school board, and this plaintiff now, as a taxpayer of said city and as a member of said school board, brings this action and prosecutes this action for the benefit of the Louisville school board, which is made a party defendant.

"Wherefore the plaintiff prays that the Louisville school board be given judgment against Charles J. Cronan for the sum of $2,885, with interest thereon from the 6th day of March, 1906, and for his costs and the costs of the defendant the Louisville school board, and for all proper relief."

The general rule applicable to cases of this kind is that, if no confidential relations exist between the parties, and if the facts misrepresented or concealed are not peculiarly within the knowledge of the party charged, and the other party has available means of knowing the truth by the exercise of ordinary prudence and intelligence, and nothing is said or done to prevent inquiry by him, he must make use of his

means of knowledge, or he can not complain that he was misled. Thus the naked assertion by the vendor of the value of property offered for sale, even though untrue of itself, and known to be so by him, unless there is a want of knowledge by the vendee and the sale is effected in entire reliance upon the representations made, or unless some artifice is employed to prevent inquiry or the obtaining of knowledge by the vendee, will not render the vendor responsible to the vendee for damages sustained by him. Chrysler v. Canaday, 90 N. Y. 272, 43 Am. Rep. 166. The cases have gone so far as to hold that if the seller should even falsely affirm that a particular sum had been bid by others for the property, by which means the purchaser was induced to buy and was deceived as to the value, no relief was to be afforded, for the buyer should have informed himself from proper sources of the value, and it was his own folly to repose on such assertions made by a person whose interest might so readily prompt him to invest the property with exaggerated value. Emptor emit quam minimo potest, venditor vendit quam maximo potest. Graffenstein v. Epstein, 23 Kan. 443, 33 Am. Rep. 171; Kent's Com., vol. 2, p. 486. In the sale of property, especially real estate, which may be seen of all men, the law imposes a duty upon the vendee as well as upon the vendor, and it refuses assistance to those who have it abundantly in their hands to take care of themselves. Every one who is sui juris capable of contracting and being contracted with is his own guardian. Collier v. Harkness, 26 Ga. 362, 71 Am. Dec. 216. And it has been held that no relief lies against the vendor for having falsely affirmed that the person paid a particular sum for the estate, although the vendee was thereby induced to purchase

and was deceived as to the value of the estate. Moore v. Turbeville, 2 Bibb 602, 5 Am. Dec. 642. In the case of German National Bank v. Nagel, 82 S. W. 433, 26 Ky. Law Rep. 748, the principle is thus stated: ',It is a well-settled rule that mere commendation or even false representation by the seller of property as to its value, when the purchaser has an opportunity to ascertain for himself such value by ordinary vigilance or inquiry, has no legal effect on the legal rights of the parties, even when made with the intention to deceive." To the same effect are Perkins v. Embry, 72 S. W. 788, 24 Ky. Law Rep. 1990; Newton v. Levy, 82 S. W. 259, 26 Ky. Law Rep. 476; Peak v. Gore, 94 Ky. 536, 23 S. W. 356; Livermore v. Middlesboro, 106 Ky. 150, 50 S. W. 6, 20 Ky. Law Rep. 1704.

The particular charges brought against the defendant are: That he presented to the Louisville school board an option on the property purchased by it, signed by Edmonia Shannon, by which she agreed to dispose of the property to the Louisville school board for the sum of $5,985; that during the negotiations for the sale, and at the time the sale was effected, Cronan had in his possession an agreement executed by Mrs. Shannon to sell and dispose of said property to the Louisville school board for the sum of $3,100; that the defendant falsely represented that $5,985 was the lowest sum at which said property could be brought. In determining the question whether these allegations, if true, show fraud on the part of the defendant, we must take into consideration the fact that the property involved in the transaction was real estate, and that it consisted of two lots of ground located in the city of Louisville. The property was there for the inspection of the members of the board. They could have inspected it individually, collectively, or by

means of a committee appointed for that purpose. They were all sui juris and capable of determining, not only the value of the property, but the price they were willing to pay for it. No obligation was placed upon the school board to buy. They could buy or not, just as they pleased. Although the defendant stated that $5,985 was the lowest sum for which the property could be purchased, it was, after all, entirely optional with the members of the board whether or not they would pay that sum. If the law were as contended for by appellant, then every vendee of property could escape the obligation of his contract just so he afterwards established the fact that at the time of the sale the vendor or the agent representing him was willing to take less than he represented that he would take for the property disposed of. This would impose no duty on the purchaser. The validity of his purchase would depend, not upon what he was willing to pay, but upon the price at which the property might be purchased. There is nothing in this record to show that Mrs. Shannon was a non-resident of Louisville when the members of the school board examined the property in question. If they considered the price too high, they might have inquired of the owner whether or not she would accept less. In doing this, they would have exercised only ordinary prudence. People who are capable of acting for themselves can not decline to act, and then put the entire blame for a bad trade upon a vendor or his agent. In every transaction some allowance must be made for what is called "trade talk." The statement that a certain sum is the least that a piece of property can be bought for is a very common expression, and forms a part of nearly every trade. A purchaser who relies upon such talk and purchases property without using

ordinary prudence to investigate the truth of the statement does so at his own risk, and is not entitled to recover on the ground of fraud or deceit.

Appellant relies upon the case of Kice & Co. v. Porter, 53 S. W. 285, 21 Ky. Law Rep. 871. In that case the proof shows: That appellee wanted to buy a house and went to appellant's office, knowing that he was a real estate agent and had property for sale, for the purpose of having it shown to her; that he had a man in his office named Boswell to take her in his buggy and show her all the property in his hands for sale; that she liked best a certain piece of property, and offered $6,500 for it, but it was then priced at $7,500 on the books. She then intimated that she would pay $7,000, and suggested to Boswell that she would see Mr. Kellar, the owner of the house, and see if he would not take less than $7,000 for it. Boswell told her this was no use, that Kellar would not take less than $7,000; that they had the matter in their hands, and it would do no good to see anybody but them. A day or two after this Kellar came to Kice's office and agreed to take $6,500 for the property. That night Boswell went to appellee's home and sold her the property for $7,000. Appellee brought suit for the sum of $500, charging that appellants had appropriated it to their own use and had obtained it from appellee by fraud. The facts of the above case are different from those in the case at bar. In this case no effort or artifice was used by Cronan to prevent inquiry or investigation by the members of the school board. In the case cited the proposed purchaser desired to see Mr. Kellar, the owner of the property, and ascertain whether or not he would take less than $7,000 for it. Boswell told her this was no use, that Kellar would not take less than $7,000 for the prop-

erty, that they had the matter in their hands, and it would do no good to see anybody but them. The ruling of the court in the above case was in accordance with the well-known principle of law that false representations as to the condition, situation, and value of real estate, knowingly made by the vendor to the purchaser, are not actionable, unless the purchaser has been fraudulently induced to forbear inquiry as to their truth; and in such case the means by which he has been thus induced to forbear inquiry must be specifically set forth in the declaration. Parker v. Moulton, 114 Mass. 99, 19 Am. Rep. 315. In 20 Cyc. p. 49, the rule is thus stated: "According to the weight of authority, however, the rule of caveat emptor applies, and under ordinary circumstances the purchaser is required to use reasonable prudence to avoid deception. Thus, where the subject-matter of the representation is a fact not peculiarly within the vendor's knowledge, but is one as to which the purchaser has equal and available means and opportunity for information, and there are no confidential relations existing between the two, and no fraud or artifice is used to prevent inquiry or investigation, it is a general rule that the purchaser must make use of his means of knowledge, and that, failing to do so, he can not recover on the ground that he was misled by the vendor." Thus it will be seen that the two exceptions to the rule of caveat emptor are: First, where confidential relations exist between the two; and, second, where fraud or artifice is used to prevent inquiry or investigation. In the case at bar there was no confidential relationship existing. The charge that Cronan was the agent of the school board was abandoned. The amended petition does not charge that any fraud or artifice was used to prevent inquiry or investiga-

tion by the members of the board. We therefore conclude that the rule of caveat emptor applied in the case of the purchase complained of, as it was not charged that Cronan, in effecting the sale, was the agent of the school board, or that he employed any artifices to prevent inquiry or investigation by the board.

For the reasons given, the second paragraph of the amended petition did not state a cause of action against appellee, and the judgment of the lower court is therefore affirmed.