## Francis, et al. v. Tipton, et al.

(Decided May 21, 1918.)

### Appeal from Bourbon Circuit Court.

Landlord and Tenant—Lease—Estoppel.—A written lease of land for a period of two years, the consideration to be paid each year in advance, having been attacked by lessors as incomplete, because through fraud of lessees certain portions of the farm were

not excluded as had been agreed upon before its execution, held to have been ratified by lessors by permitting defendants to use the claimed exclusions the first year and by accepting and collecting a check for the second year's rent with memorandum thereon: "For settlement in full for rent for their farm" for the second year; and lessors were thereafter estopped from denying the validity of the contract as written.

FEARS & FEARS for appellants.

EMMET M. DICKSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On November 30, 1911, appellants rented to appellees, by written contract, their farm, with certain specified exceptions, in Bourbon county, known as the John Cunningham farm, consisting of about 185 acres, for the period of two years beginning March 1, 1912 and ending March 1, 1914, for which appellees were to pay appellants as rent $525.00 on December 1, 1911, $525.00 on January 1, 1912, and $1,050.00 on January 1, 1913. The contract provides that "this land is to be cultivated in corn and tobacco," with the following exceptions: "The forty-acre field which is now in blue grass is to remain in grass, about thirty acres of land to be sowed in clover, the first parties are to furnish the seed to sow same, the second parties are to sow said field. There is excepted out of this farm six acres of tobacco land now rented by Clay Brothers, the same rented by said Clay Brothers for the year 1911, and the dwelling house, yard, garden, orchard and negro cabin."

It is agreed that appellees paid each installment of rent as it became due, or within a few days thereafter, except $200.00 on the second year's rental which was paid in August before it was due; and that appellants furnished the seed and appellees sowed about thirty acres of land in oats, clover, and timothy.

On October 31, 1913, appellants filed this action seeking to recover of appellees a total of $2,164.00 as damages to certain portions of the John Cunningham farm, alleged not to have been rented but reserved by appellants and entered by appellees wrongfully, forcibly and without right. Appellants did not in their petition set up, or refer to, their contract as a written contract and were required, upon motion of appellees, to file the written contract and to make their petition more defi-

nite and certain. Whereupon, they filed the written contract with the following amended petition:

"Come the plaintiffs, and with leave of court, amend their original petition, and for amendment say that on November 30th, 1911, the defendants rented certain portions of what is known as the "John Cunningham farm." Plaintiffs say that these defendants induced them to sign the paper, which is filed herewith marked "memorandum contract," upon the fraudulent representation to them that if they would sign the paper filed herewith, they would the next day have written in type and execute a contract, which was to contain all of the agreements between the parties with reference to the renting of said farm. Plaintiffs say that said paper filed herewith does not contain all the agreements, and that they were induced, after midnight upon the date set out, to sign said paper, upon the fraudulent representations of these defendants, as above alleged.

"Plaintiffs say that defendants did have such contract written the next morning, but they have failed and refused to execute and deliver a copy of same to these plaintiffs, and plaintiffs say that all of the land referred to in their original petition was, by agreement between the parties, excepted from the operation of the contract as made between the parties."

After this amended petition had been filed, defendants filed a demurrer to the petition as amended, which was overruled. Defendants then moved to transfer the case to the equity docket, and this motion was sustained and the case transferred, over the objection and exceptions of plaintiffs. Defendants now complain of the court's action in overruling their demurrer, and the plaintiffs insist that the court erred in transferring the case to the equity docket.

While it is doubtful if the petition as amended sufficiently charges fraud or mistake, and neither a reformation nor a cancellation of the contract is prayed, such was its evident purpose; and unless this plea is sustained plaintiffs' petition as amended, with the written contract made a part thereof, did not state a cause of action, because the contract, in unambiguous terms, gave to defendants the right to the possession and use of the several fields which the petition alleges defendants had entered and occupied wrongfully. It is, therefore, clear that the case was treated and tried in the

court below as presenting the issue of whether or not, through fraud or mistake, there had been omitted from the written contract provisions exempting from the lease the fields which plaintiffs claim were entered and occupied by the defendants wrongfully. This was the real issue involved, for, unless such provisions had been omitted from the contract by fraud or mistake, plaintiffs had no cause of action, as the contract by its terms gave the defendants the right to use all of these several fields. We shall, therefore, treat the petition as amended, as was done below, as sufficiently pleading fraud or mistake, which authorized a transfer of the case to the equity docket. Defendants' answer, in addition to a traverse of the petition as amended, pleaded a ratification by plaintiffs and an estoppel.

We need not discuss in detail the evidence upon the question of fraud or mistake, because of our conclusion that even if the evidence was of that certain and convincing character necessary to warrant the reformation or cancellation of the written contract, which it is not, plaintiffs still would not be entitled to recover because of their ratification of the contract both before and after the controversy arose between the parties as to whether or not the defendants had the right, under their contract, to enter and use the fields in question. This controversy arose in August or September, 1912, up until which time there seems to have been no differences between the parties over the meaning of the contract, or any objections from plaintiffs to defendants' use and occupancy of these fields, but from that time on defendants persistently and at all times claimed the right, under the contract, to the use of these fields while the plaintiffs denied their right to such use and gave them frequent notices not to use them.

With full knowledge that the defendants were using, and claiming the right to use, these portions of the farm over the protest of plaintiffs, the plaintiffs on January 25, 1913, accepted from defendants a check for $850.00, the balance due under the contract for 1913, which contained the written statement, "For settlement in full for rent for their farm from March 1, 1913, to March 1, 1914." The letter written by plaintiffs to defendants upon receipt of this check in which they said they would not accept it proves unmistakably that they fully understood that this check was given in full payment of and

satisfaction for the rent of the farm for 1913, under the construction of the contract claimed by the defendants. Having acquiesced in defendants' use of these fields in 1912 and having thereafter accepted, the payment thus made in full settlement of the rent for 1913, they thereby ratified the contract as written, even though there had been fraud in its execution or provisions omitted from it by mistake; and they are estopped from denying the validity of the contract. Eliott on Contracts, vol. III, sections 2430 and 2431; Beach on Contracts, vol. I., section 812; Ripy v. Cronan, 131 Ky. 631.

Wherefore, the judgment is affirmed.