BOOKER, Respondent, vs. PELKEY and another, imp., Appellants.

*November 16—December 14, 1920.*

*Fraud: Conspiracy: Liability of persons acting on concerted plan: Rule of damages: Misrepresentation of owner's price.*

1. A complaint in an action to recover damages for misrepresentations in the sale of land to plaintiff which alleged that three of the five defendants made actionable representations and charged that all of the defendants planned and conspired to conceal material facts from plaintiff and helped to plan the

ways and means by which the fraud was consummated, states a cause of action against the two defendants who did not participate in the misrepresentations.

2. Such a complaint is based on a concerted plan of action to defraud, which renders all defendants liable for the injury, and is not subject to the objection that it does not show a conspiracy to defraud by making false and material representations.

3. A misrepresentation that the price to a prospective purchaser is the lowest price at which the owner would sell is a misrepresentation as to a fact, not a matter of opinion, and is actionable if false. *Estes v. Crosby,* 171 Wis. 73, followed.

4. The complaint, alleging that defendants participated in a common plan to defraud plaintiff, states a single cause of action against all of them, although they took different parts in carrying out the plan; and the same rule of damages should be applied to each defendant.

APPEAL from an order of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

In the opinion of the trial judge the following summary is given of the allegations of the amended complaint setting forth the misrepresentations claimed which for the most part will suffice to present the questions raised by the demurrer:

"1. That Robert Sharp was an heir to the property in question and was interested in the sale because of such heirship, and that the property had to be sold.

"2. That the farm had always been run properly.

"3. That the farm was in good condition.

"4. That the farm was not in a run-down condition through the neglect of fertilizer or cultivation.

"5. That the owner wanted $7,500 for the farm.

"6. That the owner would not take less than $7,500 for it.

"7. That the two back sides of one of the forties of the described land was fully and completely fenced.

"9. That the defendants, for the purpose of inducing plaintiff to buy said land, conspired together and planned to conceal the fact that Robert Sharp was a commission land agent.

"10. And planned further to induce this plaintiff, through the agency of Robert Sharp, to go to Coleman that the deal

would be consummated through Effie Pelkey at the Coleman State Bank at Coleman.

"11. That in furtherance of the conspiracy to defraud the plaintiff, the defendant *S. G. Pelkey* instructed Robert Sharp in regard to the part he had to play in the conspiracy as heretofore alleged, and prevented this plaintiff from gaining knowledge of the fact that Robert Sharp was not an heir to said property, but was a land agent working on a commission.

"12. That in furtherance of the conspiracy to defraud the plaintiff, the defendant *S. G. Pelkey* arranged for a conference between Robert Sharp and Effie Pelkey at Coleman concerning the manner in which the deal was to be made and closed.

"13. And still furthering the conspiracy to defraud the plaintiff, the said *S. G. Pelkey,* unknown to the plaintiff, advised and consulted with Effie Pelkey in regard to drawing of the papers and prevented the plaintiff and the vendor, George Pelkey, from at any time during the entire deal seeing or conversing with each other or from learning the true facts in regard to the selling price of said property.

"14. That the defendant *L. W. Brazeau* aided the defendant *S. G. Pelkey* in all matters as heretofore alleged in regard to *S. G. Pelkey,* and was the receiving agent of the $500 paid down by this plaintiff.

"15. That Robert Sharp, Effie Pelkey, the defendant George Pelkey, knowing of the fraud so practiced upon him by the said defendants Robert Sharp, Effie Pelkey, *S. G. Pelkey,* and *L. W. Brazeau,* wrongfully agreed with the said other defendants to appropriate the said $2,000 which was received over and above the price actually wanted for said farm, by dividing the same among themselves.  That the same was divided and appropriated to their own use."

The complaint also alleged that the market value of the land would not at the time exceed $5,500, but that if the representations had been true it would have been $7,500. There were other allegations more fully stating the business and relations of the defendants, and stating that plaintiff had lately come from Canada and did not want to purchase through brokers, and stating in detail that Sharp was not interested as an heir.

For the appellants the cause was submitted on the brief of *Classon & O'Kelliher* of Oconto.

For the respondent there was a brief by *Classon & Whitcomb* of Oconto, and oral argument by *A. J. Whitcomb.*

JONES, J.    Three of the defendants have not demurred to the complaint but have answered. It could not seriously be argued that as to them the complaint states no cause of action. It alleges a series of misrepresentations by them as to material facts whereby the plaintiff was misled and deceived as to the relations of one of the parties to the vendor, the condition of the premises and their productiveness, that the lowest asking price of the owner was $7,500, and that the plaintiff was thereby induced to pay $7,500 for land only worth $5,500.

Although it is not charged that the other two defendants made these representations, there were allegations that all the defendants planned and conspired to conceal from the plaintiff that Sharp was a broker, which under the circumstances was a very material fact; that they helped to plan the ways and means by which the fraud could be consummated; that the appellant *Pelkey* took an active part in giving instructions as to concealing material facts, arranging conferences, and drawing papers; and that the appellant *Brazeau* "aided the defendant *S. G. Pelkey* in all matters as heretofore alleged in regard to *S. G. Pelkey,* and was the receiving agent of the $500 paid down by this plaintiff." It is further alleged that the appellants shared with the others in the proceeds of the fraud.

In our opinion the allegations of the complaint can only lead to one conclusion, namely, that all the defendants, by fraud and misrepresentation, obtained from the plaintiff $2,000 more than the land was worth and more than the asking price of the vendor, and unlawfully appropriated that amount to their own use. It is argued by appellants' counsel that the complaint does not show a conspiracy to defraud by making false and material representations. This argu-

ment is well answered by the language of Mr. Chief Justice WINSLOW in *Hull v. Doheny*, 161 Wis. 27, 152 N. W. 417:

"It is not, as seems to have been thought, an action of conspiracy, but an action to recover damages for a wrong committed by a number of persons who have agreed to act together to accomplish that wrong, all being liable for all acts committed by any one of their number in furtherance of the concerted plan of action. The conspiracy is alleged simply as a means of connecting all the defendants with the overt acts of each individual."

The appellants' counsel also rely on their claim that false representations by which plaintiff was induced to pay $2,000 more than was asked or wanted by the owner, and that he would not take less than that amount, were not actionable. Although in other states there is authority for this contention, we cannot agree to it. Such misrepresentations are not mere statements of opinion, but relate to facts known to defendants and unknown to the plaintiff. They are statements well calculated to influence a buyer and on which he has a right to rely. The rule that such misrepresentations are actionable was declared by this court in a recent case. *Estes v. Crosby*, 171 Wis. 73, 175 N. W. 933. See 8 A. L. R. 1377 and annotation.

The argument that two causes of action are improperly joined is not sound. According to the allegations of the complaint, although the several defendants took different parts in the plan to defraud, their efforts were directed to a common end and they were all sharers in the unlawful gains. We do not agree that there should be a different rule of damages applied to any of the defendants. They would all be liable for the actual loss suffered by the plaintiff, that is, the difference between the value of land at the time of the sale and its value as represented, or the difference between the asking price and the amount he was fraudulently induced to pay.

*By the Court.*—Order affirmed.