No. 10,799.

DUNSHEE *v.* NOVOTNY.

Decided January 7, 1925.  Opinion adhered to March 2, 1925.

Action for rescission of contract and to recover money paid. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. FRAUD—*False Representations—Rescission of Contract.* Representations by a defendant that he was the agent on commission, of the owner of land who desired to sell it for $6,400, and that it could not be bought for less, when in fact he was not acting as agent, and the owner's price was $3,500, held to justify a rescission of the contract of sale, and judgment for return of the consideration paid.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Messrs. JOHNSTON & TWYFORD, Messrs. MOSES & ELLITHORP, Mr. JOHN R. SMITH, for plaintiff in error.

Mr. JOHN I. PALMER, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

DEFENDANT in error, plaintiff in the court below, brought this suit for rescission of a contract for the sale and purchase of certain real estate and to recover the consideration paid.  His action is based mainly on the alleged false and fraudulent representations of the plaintiff in error concerning first, the price of the land, and second, the existence of the Kerber Creek Irrigation District. The parties will be here designated as in the court below.

The complaint alleges in substance that the defendant represented to plaintiff that he was the agent of the owner of a tract of land consisting of 640 acres; that the owner desired to sell the same, and that his price therefor was $6,400; that the land was worth the price the owner demanded for it, and that it could not be bought for a smaller price; that he was acting only as the agent for the owner, and would look to him for his commission for selling the land; that the terms upon which the owner would sell the land were $2,000 in cash, $800 on September 10, 1921, $1,800 June 1, 1922, and $1,800 on June 1, 1923. As to the irrigation district the complaint alleges that the defendant represented to plaintiff that the Kerber Creek Irrigation District was a going organization; that it owned a site for a reservoir; that it was taking active steps for the construction of such reservoir and a ditch system in connection therewith, and that a part of said lands could be irrigated from such reservoir. The complaint contains all other necessary allegations.

Other false representations are alleged but we do not consider it necessary to notice them.

Trial to the court. Findings generally for the plaintiff and judgment rendered for rescission of the contract and for a return of the consideration paid. The court further ordered that plaintiff have execution against the body of the defendant, and that he be committed to jail, until such judgment should be paid, but not to exceed a period of six months. Defendant brings the case here for review and asks for a supersedeas.

The principal evidence was that of the plaintiff and defendant, and the trial court evidently believed the evidence of the plaintiff. The defendant's contentions are, that the evidence is not sufficient to sustain the findings and judgment of the court, and that the alleged false and fraudulent representations are not actionable. While the evidence was conflicting we think there was ample to sustain the findings and judgment.

The defendant, in support of his position, cites a num-

ber of decisions of this court, but the cases cited are not applicable to the facts in the instant case.

The general findings of the court, based on sufficient evidence, establish gross fraud practiced by defendant, upon the plaintiff, to induce him to purchase the land at an exorbitant price, a price almost double the value of the land, and greatly in excess of the owner's price. The law requires good faith in every business transaction, and it would be a reproach to the law, in the circumstances of this case, to say that the plaintiff has no remedy. Our conclusion is that the judgment of the lower court is right and should be affirmed.

The following cases, we think, are in point and sustain our conclusion: *Hokanson v. Oatman,* 165 Mich. 512, 131 N. W. 111, 35 L. R. A. (N. S.) 423; *Hughes v. Lockington,* 221 Ill. 571, 77 N. E. 1105; *Isenbeck v. Burroughs,* 217 Mass. 537, 105 N. E. 595; *Sutton v. Morgan,* 158 Pa. 204, 27 Atl. 894, 38 Am. St. Rep. 841; *Booker v. Pelkey,* 173 Wis. 24, 180 N. W. 132.

In the case of *Zang v. Adams,* 23 Colo. 408, 48 Pac. 509, 58 Am. St. Rep. 249, the plaintiff in error, Zang, executed his note to the South Galveston Land Company, which he alleged was given in part payment of a subscription for 200 shares of the capital stock of the company, which subscription was induced by false representations of the company. The shares were purchased at their par value from the company through one Gray, its president, who represented to the purchaser that the land cost $425,000, whereas it appeared that the actual cost was only $110,000.

Mr. Justice Campbell in delivering the opinion of the court said: "The statement by Gray, as the agent of the company * * * that the land cost the company a certain sum of money, is not a mere expression of opinion by him as to its value," and held that it was a statement of a material fact.

We are aware of some cases holding a contrary view, but we think the great weight of authority sustains the view we have taken.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.

### On Rehearing.

PER CURIAM.

Upon the reargument of this case our attention has been called to *Ripy v. Cronan,* 131 Ky. 631, 115 S. W. 791, 21 L. R. A. (N. S.) 305, with the statement that it is the most nearly in point of any case plaintiff in error has been able to find in support of his contention that the allegations of the complaint were not, nor was the evidence, sufficient to justify the findings and judgment of the trial court.

The record discloses positive testimony showing, and the court found, that defendant represented to plaintiff that defendant was acting as agent of the owner, Solomon, and working for a commission in selling the land; that the land was of the value of $6,400; that that was the owner's price therefor; that it could not be bought for less. There was evidence showing, and the Court found, that the owner's price for the land was $3,500, and that it was not worth over that sum; that defendant was not acting as agent for the owner on a commission, but was seeking to induce plaintiff, by false representations, to purchase the land at a grossly exorbitant price.

In addition to the authorities cited in the former opinion we call attention to *Lee v. Smith,* 72 Colo. 135, 209 Pac. 870, which supports the view we have taken, and is contrary to the doctrine announced in *Ripy v. Cronan, supra.*

The original opinion is adhered to.