SAMP, Respondent, v. LONG et al., Appellants.

(210 N. W. 733.)

(File No. 5563.　Opinion filed November 20. 1926.)

1. Pleading—Allowance of Amendment of Complaint for Damages From Fraud, Setting Out Claimed Fraud More Completely, Held No Abuse of Discretion.

Allowance of amendment to complaint, in action for damages from fraud, setting out more specifically and fully claimed fraud, held no abuse of discretion, in spite of defendant's claim that its allowance amounted to indication to jury that all allegations of amendment had been established by competent evidence.

2. Pleading.

Amendments to complaints are within discretion of trial court.

**3.  Appeal and Error.**

Action of trial court in allowing amendment of complaint will not be disturbed unless abuse of discretion is clear.

**4.  Fraud—Conspiracy to Defraud Purchaser by Having Actual Title Holder Pose as Another Prospective Purchaser Held Shown by Evidence.**

Where daughter posed as owner of land, and title holder. posing as prospective purchaser, made false statements as to value of land with intent to mislead real purchaser and bar further inquiry as to land value, evidence in action for damage from fraud held sufficient to show conspiracy between defendants to defraud plaintiff.

**5.  Fraud.**

Rule that landowner is not liable for over-estimating value applies where owner deals in open with true relation to transaction known to purchaser.

**6.  Fraud.**

Rule that landowner is not liable for overestimating value does not apply where fraudulent representations are made with fraudulent intent by apparently disinterested parties.

**7.  Fraud.**

Statement of value of property is generally expression of opinion and not actionable.

**8.  Fraud.**

Where opinion of value is given to influence buyer. he has right to know true relation to transaction of one giving opinion.

**9.  Fraud.**

Willful suppression or misrepresentation of relation to transaction, coupled with untrue statement of honest opinion, is fraudulent misrepresentation of fact, for which damages are recoverable.

**10.  Fraud—Landowner, Posing as Purchaser, Who Gave False Statement as to Value, Held Liable in Deceit.**

Where one having title posed as prospective purchaser and gave false statement as to land value with intent to mislead purchaser, so that no further inquiry as to value was made, he was liable in deceit for injury sustained

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Pleading, Key-No. 236(6), 31 Cyc. 370, 401; **(2)** Pleading, Key-No. 236(1), 31 Cyc. 368; **(3)** Appeal and error, Key-No. 959(1), 4 C. J. Sec. 2757; **(4)** Fraud, Key-No. 58(1), 27 C. J. Sec. 201; **(5)**, **(6)**, **(7)**, **(8)** and **(10)**, Fraud, Key-No. 11(2), 26 C. J. Sec. 110; **(9)** Fraud, Key-No. 11(1), 26 C. J. Secs. 26, 73, 110.

Rule as to discretion of court as to allowance of amendment to pleadings, see 21 R. C. L. 572; 3 R. C. L. Supp. 1170; 4 R. C. L. Supp. 1421; 5 R. C. L. Supp. 1164; 6 R. C. L. Supp. 1274.

Statements of opinion as to value of property as fraud, see note in 35 L. R. A. 418; 12 R. C. L. 279; 2 R. C. L. Supp. 1412; 4 R. C. L. Supp. 752; 6 R. C. L. Supp. 703.

False representation as to value of property made by third person as fraud, see note in 35 L. R. A. 429; 12 R. C. L. 288.

Appeal from Circuit Court, Edmunds County, HON. JOSEPH H. BOTTUM, Judge.

Action by Fred J. Samp against Mathilde Kinneberg Long and another. From a judgment for plaintiff and an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appeal. Affirmed.

*James M. Brown,* of Aberdeen, for Appellants.

*J. M. Berry,* of Ipswich, and *H. O. Hepperle,* of Aberdeen, for Respondent.

BURCH, J. This action is brought by plaintiff against defendants to recover damages for fraud and deceit in the sale of a farm near Ipswich, S. D. The case was tried to a jury, and resulted in a verdict of $2,500 damages on which judgment was rendered. A motion in the alternative for judgment notwithstanding the verdict or for a new trial was denied by the trial court, and this appeal is from the judgment and said order.

Prior to and at the time of the sale defendant Long was a married woman living with her husband at Omaha, Neb. She had for some time been engaged in the sale of real estate, and at times had aided one Briggs, a real estate dealer of Ipswich, S. D., in his deals. Defendant P. I. Kinneberg is her father, and was then living at Omaha. Plaintiff and wife lived at Spencer, S. D., and were not acquainted with land values at Ipswich. Mrs. Long advertised the land for sale at $90 per acre in a Sioux City paper, giving her address in the advertisement as Miss M., Box 275, Omaha, Neb. She claims to have been the owner of the land sold, but the record title was in defendant P. I. Kinneberg. After some correspondence with Mrs. Long, under the name of Miss Mathilde Kinneberg, plaintiff and his wife arranged to meet her at Aber-

deen, S. D. What transpired there and subsequently pending the negotiations is in dispute, but there is sufficient evidence (which under the verdict the jury must have found to be true) of the following facts: On the 13th of August, 1920, plaintiff and his wife met the defendant Long who was then known to them as Miss Mathilde Kinneberg, and she introduced the other defendant, P. I. Kinneberg, as P. I. King, of Des Moines, Iowa, and the four went together from Aberdeen to Ipswich in plaintiff's car. At Ipswich a real estate agent joined the party, and the five went out to the land and looked it over. While there and up to the time the deal was closed P. I. Kinneberg, the record owner of the land, posed as P. I. King, a prospective buyer from Des Moines, Iowa, and, posing as such "King," told plaintiff that the land was worth what "Miss Kinneberg" was asking for it, and that if plaintiff did not purchase the land he wanted it and would buy it for a son in California. As a result of the negotiations plaintiff bought the land for $14,000. There is evidence of other claimed fraudulent representations, but the issue was finally narrowed to the claimed deceit perpetrated through "King's" pose as a buyer, and other evidence need not be set out in this opinion. The fraud for which plaintiff may recover, if at all, consists in the actions and representations of defendants made by and through P. I. Kinneberg in his pose as King. It is claimed by plaintiff that the pose was affected by defendant Kinneberg as a result of a conspiracy between the two defendants and in furtherance of a common plan, and that as a result of such pose and the representations made by "King" plaintiff was misled and deceived as to the value of the land and the price for which it could be purchased, and was thereby induced to pay more for the land than it was worth and a greater price therefor than it could have been purchased for, to his damage in the sum of $4,000. Plaintiff does not ask a rescission of the contract, but seeks compensation in damages for the deceit practiced upon him.

[1-3] There are several assignments of error in the admission and rejection of evidence, but such assignments have not been discussed in appellant's brief. At the close of plaintiff's case he asked leave to amend one paragraph of his complaint setting out more specifically and fully the claimed fraud which was allowed by the court. Appellant objected to the amendment on the

ground that it did not correspond to the proofs produced, was immaterial, and did not state any cause of action further than was already stated under the complaint. The allowance of such amendment is assigned as error. Appellant argues that the allowance of the amendment would indicate to the jury that the evidence produced by the plaintiff convinced the court that all of the allegations of the amendment had been established by competent evidence. Amendments to complaints are within the discretion of the trial court, and the action of the court will not be disturbed unless there is a clear abuse of such discretion. Edwards v. Chicago, M. & St. P. Ry. Co., 21 S. D. 504, 110 N. W. 832; Van Abel v. Wemmering, 33 S. D. 544, 146 N. W. 697. The argument that an allowance of an amendment may have an unfavorable effect upon the minds of the jury is not sufficient to show such an abuse. That might happen where an amendment was essential and clearly allowable.

Appellant's principal contentions are that the evidence is insufficient to show a conspiracy between the defendants to have the father pose as King in furtherance of a common plan to defraud and cheat plaintiff, that the acts complained of do not constitute actionable fraud or deceit, and that in any event if plaintiff ever had a right of action for deceit that he waived such right by electing to confirm the contract and agreeing to a subsequent modification of its terms.

[4] The evidence of a conspiracy or concerted action on the part of the defendant discloses that the defendants are father and daughter; that they came from Omaha together to Aberdeen; that the daughter introduced her father as King; that the daughter had assisted Briggs, a real estate dealer of Ipswich, in deals of his wherein her father had posed as King, (although in what manner he was used does not appear); that the daughter claimed to own the land; that the father was the owner of the record title and had an interest in the land to secure a large advancement made by him to his daughter; and that the daughter assumed her maiden name instead of her married name. The record discloses sufficient evidence to warrant the jury in finding that there was a concerted action on the part of the defendants in effecting the pose assumed by the father and his conduct thereunder.

[5-9] In considering the contention of appellants that such deception is not actionable fraud giving a right to the recovery of damages, the apparent relation of the parties to the transaction is an important element for consideration. The general rule that an owner of land is not liable for damages for over estimating the worth and value of his land applies where the owner is dealing in the open with his true relation to the transaction known to the buyer. It does not apply where false representations as to value are made with fraudulent intent by third parties or those apparently disinterested. Generally a statement of the value of property is an expression of an opinion and not of a fact, and therefore not actionable, but where an opinion of value is given to influence a buyer he has a right to know the true relation to the transaction of the one giving the opinion in order that he may weigh its value, and a willful suppression or misrepresentation of the true relation, coupled with an untrue statement of one's honest opinion, is a fraudulent misrepresentation of fact for which one may be liable in damages. The distinction is stated as follows in Medbury v. Watson, 6 Metc. (Ky.) 246, 39 Am. Dec. 726:

"In the one, the buyer is aware of his position; he is dealing with the owner of the property, whose aim is to secure a good price, and whose interest it is to put a high estimate upon his estate, and whose great object is to induce the purchaser to make the purchase; while in the other, the man who makes the false assertions has apparently no object to gain; he stands in the situation of a disinterested person, in the light of a friend, who has no motive or intention to depart from the truth, and who thus throws the vendee off his guard, and exposes him to be misled by the deceitful representations."

See, also, Batchelder v. Stephenson, 150 Minn. 215, 184 N. W. 852; Adams v. Collins, 196 Mass. 422, 82 N. E. 498, 12 R. C. L. 53; Hull v. Doheney, 161 Wis. 27, 152 N. W. 417; Booker v. Pelkey, 173 Wis. 24, 180 N. W. 132; First National Bank of St. Paul v. Blocker, 150 Minn. 337, 185 N. W. 292.

[10] If one poses as a disinterested party and gives a false statement as to value with intent to mislead the purchaser and to prevent his making further inquiry, or with the hope that he will be influenced and accept it and not make further inquiry, if it is

accepted and further inquiry is not made and injury results, an action for deceit will lie. By statute (section 963, R. C. 1919), the employment at public auction of one commonly known as a by-bidder without the knowledge of the buyer is declared to be a fraud upon the buyer. In reason, it is as much a fraud to employ a by-bidder at private sale. If it had been true that King was a purchaser willing to pay the price asked, then it would have been useless for plaintiff to make further attempt to reduce the purchase price; the land would have in fact been worth on the market what it was represented to be. But where King's offer was fictitious, such pretended offer was a fraud on the buyer. There is some evidence that the land was offered by defendant Long for less than $60 an acre. Whether or not plaintiff could have procured the land at that price may not be known. He had a right to deal with defendants with such facts as he might learn or be able to ascertain in the course of negotiations free from false and misleading statements of fact, and if such were made by the seller or with her connivance and consent she cannot complain if she is compelled to respond in damages for the fraud perpetrated.

The contention that plaintiff has waived his right to recover because he did not rescind and because he procured a modification of the contract after discovery of the fraud is not supported by the record Any claimed fraud as to the character and quality of the land was eliminated by the court on the ground that plaintiff was bound to discover the character and quality of the land upon examining it and had no right to rely upon representations in reference thereto, but, as to the fraud complained of and which the court submitted to the jury, namely, the false pose of P. I. Kinneberg, there is no evidence as to when this was discovered. In April, 1921, plaintiff received a deed from P. I. Kinneberg, and of course was then apprised of the fact that the record title was not in Mrs. Long, but this did not apprise him of the fact that P. I. Kinneberg was the man he had met and known as P. I. King. The record is wholly silent as to when this fact was discovered, except that plaintiff says he did not know of the fraud until long after a change in the contract had been made.

Finding no error in the record, the judgment and order appealed from are affirmed.