27 P. 88 
1 Colo.App. 5
 STANDARD ACCIDENT INS. CO. v. FRIEDENTHAL. 
Court of Appeals of Colorado
June 23, 1891

 
 Appeal
 from district court, Chaffee county.
 
 
 [1
 Colo.App. 6] It is alleged that on the 21st day of April,
 1886, the appellant issued and delivered to Eugene H. Teats
 an accident insurance policy, to be effective for 12 months
 from its date, whereby Teats was to receive from the
 insurance company $25 a week for loss of time in consequence
 of any bodily injury sustained by him during the existence of
 such policy, through external, violent, and accidental means,
 which should wholly disable him from transacting his business
 as a mining superintendent; that on the 26th day of April,
 1886, Teats received a bodily injury that entitled him to
 such compensation by the terms of the policy of insurance,
 and that he was wholly disabled for the period of 13 weeks,
 and was entitled to receive the sum of $325; that on the 7th
 day of August, 1886, Teats sold, transferred, and assigned
 his claim against the appellant to Friedenthal, the appellee.
 Friedenthal brought suit for the sum of $325 and costs. The
 appellant answered, denying the material allegations in the
 complaint, and for further and special answer alleged that
 Teats did make application to one A.R. Hoyt, then acting for
 an agent of the appellant, as alleged in the complaint; and
 that by the terms of the application and [1 Colo.App. 7] the
 policy which was issued it was provided that Teats should pay
 as a premium to the appellant for the policy, and as a
 condition of obtaining it, $37.50. That Teats did not pay the
 sum of $37.50 nor any part of it, and that the policy of
 insurance was by Hoyt, without any right or authority,
 delivered to Teats without the payment of the premium as
 required; and that by reason of the failure of Teats to pay
 the premium, the appellant was not liable. That after the
 accident, and on the 28th day of April, Teats paid to A.R.
 Hoyt $10, which Hoyt had no authority to receive, and that at
 the time of receiving the injury there was none of the
 premium paid; consequently, that the appellant was not liable
 upon the policy of
 [27 P. 89] 
 insurance A replication was filed, in which it was denied
 that Hoyt, at the time of issuing the policy of insurance,
 was acting for an agent of the appellant, and alleging that
 Hoyt was the agent of appellant, and had full power and
 authority to make contracts for insurance and to issue and
 deliver policies of insurance; and that, by virtue of such
 agency, he made the contract of insurance and issued the
 policy, and signed and executed the same as the agent of the
 appellant, and delivered the policy to Teats. Admits that
 there was a condition in the policy and in the application to
 the effect that Teats should pay $37.50 premium; and admits
 that the condition provides that the policy should be void
 unless the premium is paid before the injury was received,
 but alleges that the agent, Hoyt, waived the condition and
 delivered the policy, and expressly agreed with Teats that
 the premium should not be paid in cash, and was to be paid at
 some subsequent time. That Teats had under his control, as
 mining superintendent, a large number of men, whom Hoyt was
 desirous of insuring, and solicited Teats to use his
 influence with the men to induce them to insure with Hoyt,
 and that Teats was to pay $10 in cash at some future time,
 and the balance was to be paid in services in soliciting the
 insurance of the men; and that he paid $10 to Hoyt as alleged
 in the answer. A demurrer was filed to the replication. The
 demurrer [1 Colo.App. 8] was overruled. A trial to the court
 without a jury. Judgment for the appellant in the sum of
 $310. From such judgment this appeal was taken. Testimony was
 very brief and uncontradicted. The deposition of Teats was
 read, in which he testified to the arrangement and agreement
 with Hoyt, by which the condition of the policy was waived,
 and the policy was delivered, to be effective and operative
 from its date. That he (Teats) was to pay $10, and use his
 influence with the men to secure business and insurance for
 the company of appellant, and that the contract was that the
 premium should be $25, instead of $37.50; that he paid the
 $10, but not until after the accident occurred, and that it
 was accepted by Hoyt. That within three days after the
 accident he furnished appellant proof of the injury as
 required by the policy. A copy of the insurance policy was
 also put in evidence, signed at the bottom: "A.R. HOYT,
 Agent at Leadville, Colorado. C.C. BOWEN, Secretary. D.M.
 FERRY, President. Countersigned this 21st day of April, 1886.
 A.R. HOYT, Agent." Indorsed upon such policy, among
 other conditions, was the following: "The policy shall
 not take effect unless the premium is paid prior to the
 happening of any accident under which claim is made."
 Also a copy of the application in which, among other
 statements, occurs the following, which is the only one
 necessary to be noticed in this connection: "(9) My
 premium for this period is $37.50." Proper proof, as
 required by the company, appears to have been made of the
 injury and its nature, and the length of time that Teats was
 disabled by reason of such accident, accompanied by the
 certificate of the attending physician. In the deposition of
 Teats it is stated: "An officer of the company from
 Detroit, Michigan, also General State Agent Harrison of
 Denver, notified me that they would be in Buena Vista to
 adjust the claim. They came, and, in the presence of D.C.
 Sindlinger, asked me to discount the claim; but no special
 amount was offered." The appellant objected to the
 reading of this portion of the deposition. It was allowed [1
 Colo.App. 9] to be read, and the court reserved the decision
 of its admissibility until the final decision of the case.
 The overruling of the demurrer to appellee's replication
 is assigned for error. Also the overruling of the objection
 made to the deposition of the witness Teats, and that the
 judgment in favor of appellee and against the appellant was
 erroneous.
 
 
 Patterson
 & Thomas, for appellant.
 
 
 George
 K. Hartenstein, for appellee.
 
 
 REED,
 J., (after stating the facts as above.)
 
 
 There
 were no issues of fact to be determined in the case. The
 facts appear to have been conceded, at least there was no
 serious controversy. The first question arises upon the
 pleading. It is claimed that there was a departure, that the
 replication set up a new cause of action not embraced in the
 complaint, and that the court erred in overruling the
 demurrer. I cannot adopt this contention. The contract of
 insurance was one of indemnity,--to indemnify the insured to
 the extent of $25 a week for all time he should, by accident,
 be disabled from performing the duties of a mining
 superintendent for the term of one year from date. The
 premium expressed in the policy was $37.50. The language of
 the policy is "in consideration of the representations
 in the application for this policy and of thirty-seven
 dollars and fifty hundredths, does hereby insure," etc.
 The policy, though not containing a receipt for the $37.50 in
 so many words, was signed by the agent, and delivered, and
 became the contract of appellant, and the language used,
 "in consideration *** and of $37.50 does hereby
 insure," etc., imports the payment prior to the delivery
 as the consideration for the delivery of the contract to the
 insured. When delivered, it became operative, and could only
 be impeached by showing that it had been obtained improperly
 or fraudulently by the insured in such manner as to negative
 the fact of the legal and voluntary [1 Colo.App. 10] delivery
 of the policy by the appellant. When delivered and operative,
 all that was necessary primarily was to allege the contract
 of insurance,--the happening of the contingency whereby the
 insurer became liable to pay by reason of the contract, and
 the amount of indemnity to which the insured was entitled.
 Anything impeaching the validity of the contract should have
 been alleged by way of defense. This was attempted, but the
 matters set up were not such as impeached the contract,--not
 acts of the insured by which the policy was defeated or
 improperly obtained, but the alleged improper acts of
 appellant's agent, which could not amount to a defense.
 Had appellee demurred to the special defenses
 [27 P. 90.] 
 contained in the answer, the demurrer should have prevailed,
 but he replied instead. The reply was to matter contained in
 the special answer. There was no departure. Applying old
 common-law maxims of pleading, that are equally potent under
 the Code,--that a bad replication is good enough for a bad
 plea, and that the demurrer reaches back to the first faulty
 pleading,--I am compelled to hold that the judgment of the
 court upon the demurrer was correct. Nor can I adopt the
 contention that the court erred in its ruling upon that
 portion of the deposition of Teats in regard to an offer to
 compromise. It is true that no such evidence is competent,
 and, had the case been tried to a jury, appellant might have
 been prejudiced by a failure to suppress it; but, having been
 tried by a judge familiar with the rules of evidence, the
 presumption is that it was wholly disregarded, and the gist
 of the contention seems to be, not that the court acted upon
 the evidence to the prejudice of the appellant, but that he
 failed to state that he had disregarded it. It is alleged in
 the answer that Hoyt was not the agent of appellant, but that
 he was acting for an agent. No proof was offered upon the
 trial in support of the allegation. The agency seems to have
 been conceded. As far as the assured was concerned, there was
 no question of the agency. Whatever question there may have
 been between the agent and his principal, he was allowed to
 act as the general agent, not [1 Colo.App. 11] as a solicitor
 only of insurance. The policies of the company, executed by
 its proper officers, were in his possession to be filled and
 countersigned and delivered by him. He was invested by him
 principal with all the indicia of a general agent in that
 locality, and that was sufficient, as far as third parties
 were concerned. It was established by the evidence of Teats
 that a special contract was made with him, whereby the cost
 of the insurance to him was to be $25, instead of $37.50; $10
 of which was to be paid at an early day in money, and the
 balance was to be paid at some future date in assisting in
 securing insurance upon men in his employ. This contract was
 not contradicted by appellant, and is conceded. Had it not
 been, Hoyt could have readily denied it.
 
 
 But one
 question remains, was appellant bound by the special contract
 of its agent, Hoyt? Or, in other words, could the agent by
 such a contract bind his principal, and waive the printed
 provisions and stipulations contained in and attached to the
 policy? "A person authorized to accept risks, to agree
 upon and settle the terms of insurance, and to carry them
 into effect by issuing and renewing policies, must be
 regarded as a general agent of the company pending
 negotiations; *** and the possession of blank policies and
 renewal receipts, signed by the president and secretary, is
 evidence of such agency." May, Ins. Â§ 126; Pitney v.
 Insurance Co., 65 N.Y. 6; Post v. Insurance Co., 43 Barb.
 351; Carroll v. Insurance Co., 40 Barb. 292. It is conceded
 that no part of the premium was paid until after the insured
 received the injury. Two days after the injury was received,
 $10 was paid and accepted. It is contended that the clause,
 "this policy shall not take effect unless the premium is
 paid prior to the happening of any accident under which claim
 is made," is controlling, and, it being shown that it
 was not complied with, no action could be maintained. Having
 found by the authorities above cited that Hoyt was a general
 agent, and a contract was made by [1 Colo.App. 12] him to
 give time and accept payment in a certain manner, the
 contention cannot prevail. To give the provision the
 construction claimed in a case like the present, its
 illegality would be at once apparent. It is, in any view, of
 very doubtful validity, and can only be sustained in cases
 where there was no legal delivery of the policy with the
 intention of making it operative. In cases where the
 possession was obtained by fraud, or for the purpose of
 examination, it might be held to be valid. To apply it to
 cases where the transaction was consummated and the policy
 voluntarily delivered to the insured as evidence of the
 insurance, would at once render the illegality apparent. Take
 any case where the company insured for a year, for instance,
 and delivered its policy, and by a contract payment was not
 to be made until the expiration of the year, the insured
 would be held liable to pay for the entire time, whether
 disabled or not, and, the premium being unpaid, and so to
 remain until the expiration of the policy, there would be no
 insurance whatever in case of injury, and no consideration
 for the premium; consequently, no mutuality of contract.
 Contracts of insurance must be regarded and construed like
 all other contracts, so, if possible, as to make them mutual,
 and effectuate the intention of both parties. While the
 insurer should be guarded against fraud and
 misrepresentation, the insured should have indemnity, when
 guiltless of fraud, upon compliance with the contract as made
 by him, and no cunningly devised provision or exception in
 the policy should be so construed as to defeat it. I am
 clearly of the opinion that the provision requiring payment
 of the premium could be and was waived by the agent; also
 that the acceptance by the agent of the payment of $10 after
 the injury was received was evidence that no default had been
 made, and was a recognition of the policy as still in force.
 That a general agent can waive any condition inserted in the
 provisions of the policy of insurance is established by
 numerous authorities. See Putnam v. Insurance Co 4 F. 753;
 Ball, etc., Wagon Co. v. Aurora F. & M. Ins. Co., 20
 Fed.Rep. [1 Colo.App. 13] 232; Joliffe v. Insurance Co., 39
 Wis. 117; Insurance Co. v. Fennell, 49 Ill. 180; Washoe Tool
 Manuf'g Co. v. Hibernia F. Ins. Co., 66 N.Y. 613; Boehen
 v. Insurance Co., 35 N.Y. 131; Sheldon v. Insurance Co., 26
 N.Y. 460; Elkins v. Insurance Co., 113 Pa.St. 386, 6 A. 224.
 The judgment of the district court should be affirmed.