27 P. 87 
1 Colo.App. 13
 CHAMBERLAIN v. AMTER. 
Court of Appeals of Colorado
June 23, 1891

 
 Error
 to superior court of Denver.
 
 
 A.L.
 Doud, for plaintiff in error.
 
 
 Sullivan
 & May, for defendant in error.
 
 
 REED,
 J.
 
 
 This
 suit was instituted by the plaintiff in error on October 7,
 1887. It appears by the allegations in the [1 Colo.App. 14] 
 complaint that for some years prior to and on the 8th day of
 February, 1887, the defendant in error was the owner of 80
 acres of land situated under the line of the Northern
 Colorado Irrigation Company's ditch, and that on the 23d
 day of June, 1884, the defendant in error entered into a
 contract with the corporation owning the ditch for water to
 irrigate the land. By the terms of the contract defendant in
 error was to pay to the corporation $1,400 for a right to buy
 water for the land, and was to pay annually for the water
 supply for irrigating purposes an indefinite sum, to be fixed
 thereafter, varying from $1.50 to $4 an acre. The $1,400 for
 the water-right was to be paid in different installments of
 interest and principal at various times from the date of the
 making of the contract to June, 1891. On the 8th day of
 February, 1887, partial payments had been made for the
 water-right, and it is alleged in order to perfect and secure
 the title to it, further payments to the amount of about
 $1,100 were necessary; and on that day the plaintiff in error
 obtained an option on the property for a fixed time at the
 price of $10,000, and to secure such option made a payment of
 $500, and a memorandum or contract was entered into, as
 follows: "Denver, February 8, 1887. In consideration of
 one dollar ($1.00) to me in hand paid by H.B. Chamberlain,
 the receipt whereof is hereby acknowledged, I hereby agree to
 sell to him or his assigns, at any time prior to March 8th,
 the following described property: The north half of
 south-west quarter section twenty, (20,) township four (4)
 south, range sixty-seven west, for the sum of ten thousand
 dollars ($10,000.00,) payable as follows: $500.00 down,
 $4,500.00 ($2,500.00 in sixty days and $2,000.00 in thirty
 days,) and the balance of five thousand dollars ($5,000.00)
 in two years, at eight (8) per cent. per annum. MARK
 AMTER." On the 8th day of March following, plaintiff in
 error concluded the purchase of the land for one Charles B.
 Wood, [1 Colo.App. 15] who paid the whole consideration, and
 to whom a deed for the same was made. It is not shown by the
 testimony that at any time prior to the conveyance any
 contract was made between the parties whereby the contract
 [27 P. 88.] 
 for water of the defendant in error with the ditch company
 was to be assigned, transferred, or sold to the plaintiff in
 error, or was to pass with the land under the option. It was
 shown by the testimony that the deed was accepted, and the
 trade consummated without any assertion of claim on the part
 of the plaintiff in error to have the water-right
 transferred. It will be observed that there is nothing in the
 written contract referring to the matter in controversy. The
 land was sold by one Millington as agent of the owner. The
 testimony in regard to the under standing of the parties with
 reference to the water-right is very meager and
 contradictory. Plaintiff in error testified that Millington,
 the agent, "stated that the land had been cultivated the
 year previous, and that it had the English ditch water-right,
 which was included in the purchase price." This appears
 to have been all that was said on the subject, and even this
 was not embraced in the writing. It is very indefinite. It
 does not show whether the contract, as it then stood, between
 defendant and the ditch company, was to be transferred, or
 whether it was to be secured, and final payments made by the
 buyer or seller. Where nothing is said with regard to it,
 under such circumstances, it is presumable that the future
 payments are to be made by the purchaser, else there would
 have been some contract or obligation on the part of the
 seller to pay in future; or, if the understanding had been
 that the seller should make the payments, it is to be
 presumed the buyer would have investigated the matter, and
 retained the amount from the purchase money. The strongest
 construction the language of the agent can really bear is
 that the land was susceptible of cultivation by the use of
 water from the company's ditch, and that the [1 Colo.App.
 16] right to the water for the land was secured, and such
 right would go with the land. But this cannot be construed as
 a promise to pay the money to perfect the purchase of such
 right. The contention of counsel of plaintiff in error that
 the water was appurtenant and went with the land, and,
 consequently, there being a failure of title as to part, the
 money could be recovered, cannot be sustained for two or
 three very good reasons: First, there was no conveyance of
 the right, and no covenant; second, if such had been the
 case, plaintiff in error could not recover the money, as
 neither land nor water was conveyed to him. It could, if
 recoverable at all, be recoverable only at the suit of the
 grantee. Wood having been the purchaser and grantee direct
 from the defendant in error, and the paper given the
 plaintiff in error having been but an option, he could
 acquire no right individually to the water, separated from
 the land, unless by showing that he had been damnified and
 had been compelled to pay the money to make good Wood's
 title, and therefore had a right to have it refunded. It is
 not pretended that such was the fact. In any view I can take
 of it, plaintiff failed to make a case which would warrant a
 recovery. It follows that the judgment of nonsuit was right,
 and should be affirmed.