[No. 8274.]

HAGADORN INVESTMENT COMPANY V. RIEKE.

1. JUDGMENT—*Record Construed—Burden of Proof.*  The recital, in a decree canceling a conveyance of lands, at the suit of the purchaser, for false representations inducing the purchase, that the plaintiff reposed confidence in defendant does not evidence that the burden of proof was at the hearing cast upon plaintiff. (559.)

2. FRAUD—*Rescission of Contract—Decree.*  A decree which cancels all deeds and conveyances, executed pursuant to a purchase by plaintiff, induced by fraudulent misrepresentations of defendant, restores defendant to its original position. *Semble* a decree for reconveyance is unnecessary. (560.)

*Error to Conejos District Court.*  Hon. CHARLES C. HOL-
BROOK, Judge.

Mr. ROY E. DICKERSON, Mr. JOHN R. SMITH, for plaintiff in error.

Messrs. BARNETT & CAMPBELL, Mr. N. M. CAMPBELL, for defendant in error.

BAILEY, J., delivered the opinion of the court.

In the fall of 1909, the Hagadorn Investment Company, plaintiff in error here, defendant below, solicited and induced five farmers to come to Colorado, from their respective homes in Iowa, at the expense of the company, and purchase from it land, for farming purposes, located in the same general vicinity in San Luis Valley, Conejos County, together with water shares for its irrigation.

Plaintiff below, defendant in error here, Henry J. Rieke, is one of the five, all of whom were unsuspecting

and unwary ruralists, new to this country, with no knowledge of irrigated lands, sub-irrigation, alkali, seepage, or seeped land. Plaintiff purchased approximately 600 acres, at the total contract price of $36,050.00, of which he paid $18,000.00 in cash, the balance being represented by mortgages on the land assumed by him, and promissory notes executed and secured by further incumbrances. The contracts were of absolute and unconditional sale, made direct to the plaintiff, by the Hagadorn Company, in its name and for its use and benefit.

This action was brought to rescind and cancel all contracts, deeds, mortgages, notes, etc., growing out of the transaction, because of alleged fraud, misrepresentation and deceit in their procurement. The case was tried to the court without a jury, resulting in a general finding for plaintiff, and special findings, judgment and decree as follows:

"I. That the plaintiff reposed trust and confidence in the defendant's agents and representatives, and in their statements and representations as to the land purchased by him, to-wit: (description of land and water stock) in Conejos County, Colorado, as to the value and price thereof, and as to the condition, productivity, quality, fertility thereof, and as to the sufficiency of the water rights appurtenant thereto; that representations were made by the defendant and its officers and representatives, as to said matters, to plaintiff, which were false; that plaintiff had the right to regard said representations of defendant as to said matters as statements of facts, and that plaintiff did so regard them and rely upon them to his great injury, damage and loss; that material representations were made by defendant to plaintiff which were false and misleading, and produced an impression upon the mind of the plaintiff which was false and misleading, and which induced plaintiff to make said purchases, and that the result thereof was a fraud upon

plaintiff, entitling plaintiff to a decree of rescission of said contracts of purchase, and to other relief hereinafter specified.

II.   That said lands sold by defendant to plaintiff were not worth one-half of the amount for which they were sold to plaintiff, and which they were represented to be worth by defendant; and that the great disproportion of the actual value of said lands sold to plaintiff, and its cost price to plaintiff, is sufficient to shock the conscience of the court.

III.   That plaintiff was inexperienced, and wholly ignorant as to the lands purchased, and as to their condition, history, quality, productivity, and with water rights and irrigation, and had a right to rely upon the representations of defendant in regard to the same, and that plaintiff acted in sole reliance upon said representations, which said representations were false; that defendant knew of plaintiff's inexperience and lack of knowledge as to such matters, and that plaintiff was over-reached by defendant, and that said parties were not upon equal footing.

IV.   That the officers of defendant, and, more particularly, J. D. Hagadorn, Vice-President of defendant, were cognizant of the misrepresentations and fraud practiced, as aforesaid, upon plaintiff, and wilfully deceived plaintiff.

V.   That defendant, its officers and agents, or some of them, in their representations to plaintiff concerning the lands purchased, stated that they had extensive and expert knowledge of lands in the San Luis Valley, including the lands purchased by plaintiff; and the court finds that plaintiff had the right to take and regard defendant's representations as to said lands as statements of fact, and not of opinion, and that plaintiff did so take them and rely upon them.

VI.   The court also finds that the lands sold by defendant to plaintiff, and represented by defendant to be very fertile and productive, were, in fact, lands of very low fer-

tility and productivity, that they had been thoroughly tested, and had practically little or no value for agricultural purposes; that such facts were matters of common knowledge in said San Luis Valley, and that defendant must be charged with knowledge of said facts at the time of said sale to plaintiff.

VII.   That the testimony and evidence adduced and offered by defendant fails to show said transactions fair or reasonable in this case.

VIII.   That the court further finds that the total contract price for said lands was $36,050.00, and that plaintiff has paid defendant on said purchase price the sum of $18,000.00; that plaintiff is entitled to a decree for the repayment, by defendant, of said sum of $18,000.00 and for the cancellation and return of all notes and securities for the payment thereof, executed and delivered to defendant, by plaintiff, on the said purchase price of said lands, together with interest thereon.

It is Therefore Ordered, Adjudged and Decreed:

1.   That the contracts of sale between plaintiff and defendant, and all deeds and conveyances and any and all notes, trust deeds and mortgages, executed and delivered in pursuance thereof be, and they hereby are, rescinded, cancelled, annulled and held for naught.

2.   That plaintiff have, and he is hereby awarded, judgment against the defendant for the sum of $18,000.00, the amount paid by plaintiff to defendant on the purchase price of said lands, together with interest thereon from the date of payment of the same.

3.   That if the notes, or any of them, given by plaintiff to defendant, as part of, or to secure, the purchase price of said lands, or if the mortgages or trust deed executed and delivered to defendant by plaintiff as security for the payment of said notes, be not returned into court and cancelled by defendant, forthwith, plaintiff have judgment against de-

fendant, in a further sum for the amount due or to become due on said notes, together with interest thereon, according to the tenor of said notes.

4. That plaintiff have judgment for all costs of this suit, and that if this judgment, together with all costs, and relief hereinabove awarded be not paid and satisfied within the time and manner as required by law and by this decree, plaintiff have execution against defendant for the same."

To this judgment and decree the defendant prosecutes this writ of error.

Counsel for defendant recognize the rule that if a judgment and decree is supported by competent evidence, where there has been a proper understanding and application of the law, it will not be disturbed upon review, but contend (1) that the trial court erred in that it misplaced the burden of proof, (2) in failing to order a restoration of the property to the company upon rescission of the contracts, and (3) in the admission of improper testimony.

The question of burden of proof arises upon the contention that as the record discloses a finding that the plaintiff reposed trust and confidence in the defendant, its agents and representatives, the burden of showing the contract fair and reasonable was shifted to the defendant. There is no indication that the case was determined upon the theory of fiduciary or trust relationship, and the argument and contention is predicated solely upon the recital in the findings that plaintiff reposed trust and confidence in the agents and representatives of the defendant, and that the testimony adduced by the defendant failed to show the transaction fair and reasonable. Such findings, if the evidence supports them, are always proper in a case involving fraud and deceit, and do not of necessity indicate that the burden of proof was shifted, as contended. If the conclusions of the trial judge are based upon competent evidence, the mental process by which they are reached, however interesting, is unim-

portant as affecting their propriety, validity and binding force.

There are no legal or other grounds to support the other propositions urged. ᐟConcerning restoration of the property to the defendant, the judgment and decree rescinded, cancelled and annulled the contracts of sale between the plaintiff and defendant, and all deeds and conveyances, and any and all notes, trust deeds and mortgages, executed and delivered in pursuance thereof, and this, certainly, at least so far as the defendant be concerned, placed it in precisely the same position it occupied at the time the contracts were executed. How it can lawfully demand, require or expect anything further is not apparent. Touching the remaining suggestion, that of admission of improper testimony, it is sufficient to say that, if all the testimony against which this objection is urged were eliminated, there still remains ample testimony, convincing and conclusive in character, upon which the findings, judgment and decree should be upheld.

The complaint states a cause of action, the proofs support it and the court made no misapplication of the law to the facts. A careful investigation of the entire record leads to the irresistible conclusion, upon the facts, and the case is essentially one of fact rather than of law, that the defendant company, acting through its authorized agents and representatives in making these contracts of sale, carried out a fixed, definite plan of wilful fraud, misrepresentation and deceit, upon which the plaintiff acted and by means of which alone he was induced to act. In short, the transaction was nothing more or less than a plain steal, skillfully inaugurated and artfully consummated through a subtle system of cunning deception, by which a fraud so bold and daring in its conception was perpetuated that it shocks every moral sense. This conclusion is supported not only by a preponderance of the testimony, but by testimony of a most

convincing and satisfactory character.    Indeed, it is so established beyond all reasonable doubt.    There is nothing presented by counsel which seriously militates against this conclusion, their brief being devoted chiefly to urging refined, technical legal objections, which totally lack substantial merit.    The substance of the whole transaction is that the plaintiff was led to believe, by direct and positive statements of fact, not mere expressions of opinion, that he was getting farm lands of choice quality, highly fertile and productive, with good and sufficient water rights, when in fact he was contracting to purchase parts of an alkali flat, with an wholly inadequate supply of water for irrigation, seeped by drainage waters, ruined by sub-irrigation, and shown, by repeated unsuccessful attempts at cultivation, to be unprofitable and worthless for practical farming purposes; land appearing good upon surface inspection, but notoriously bad, absolutely so as matter of fact, all of which was matter of common knowledge in the neighborhood and well understood by the agents and representatives of the defendant.

The record here so conclusively shows the perpetration of a wilful and deliberate fraud that it is inconceivable, upon any theory, that the defendant can or ought to escape a judgment requiring it to make full financial reparation, so far as possible, to the plaintiff for the property losses he has sustained through the fraudulent and evil methods employed by it.

The judgment is affirmed.

GABBERT, C. J., and WHITE, J., concur.

Decided January 3, A. D. 1916.    Rehearing denied March 6, A. D. 1916.