## No. 9985.

### DIVINE v. GEORGE.

Decided July 3, 1922.   Rehearing denied October 2, 1922.

Action on promissory note.   Judgment for plaintiff.

### *Reversed.*

1. WAIVER—*Intention.*  Waiver is a matter of intention.

2. INSTRUCTIONS—*Imputed Knowledge.*  Instruction reviewed and held erroneous because binding defendant by imputed knowledge which he was not bound to obtain.

3. PRINCIPAL AND AGENT—*Manager—Misrepresentations.*  A successor to the interest of a company cannot profit by the misstatements of its manager upon which a defendant acted in good faith.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Messrs. McMULLIN & STERNBERG, Mr. WILLIAM H. GABBERT, for plaintiff in error.

Mr. STRAUD M. LOGAN, Mr. S. HARRISON WHITE, Messrs. BURGESS & BOTHWELL, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was sued by the defendant in error, as trustee, on a promissory note given to The Union Trading Company by plaintiff in error in renewal of a former note to the same payee.   This is the note which was involved in the case of *Divine v. George,* 63 Colo. 341, 166 Pac. 242, where the essential facts are fully set forth.   It is sufficient to say here that the answer set up that the note was given for stock in the trading company upon condition that it should establish a specified kind of a store

at Palisade with which condition the company never complied. It was stipulated that the plaintiff in the action was not a holder in due course, and that all defenses which could be interposed against the payee could be interposed against him.

From the testimony of the defendant in the cause, it appeared that about the time of the execution of the renewal note, Dr. Divine asked Campbell, manager of the company, about the store, and was told that it would have a large stock in a few days. Thereupon defendant executed the renewal note. It appears that the company never did have such stock, and never had the kind of a store which it had promised to establish.

The plaintiff's position was that the defendant had waived the conditions under which the note was given by executing a renewal of it; that he might have discovered that the store was not such as was prescribed when the note was made by making an examination of the store. It is suggested that he could have visited the various floors and ascertained for himself what quantity of stock there was on the shelves. In accordance with this contention is instruction No. 2, to which defendant seasonably objected. Said instruction reads as follows:

"The court instructs the jury that, although it is claimed by the defendant that it was a condition to the subscription of the defendant that The Union Trading Company should purchase the store of Herman W. Kluge, or establish a general store equally as good, yet you are instructed that if the defendant knew, at the time he gave the renewal note sued upon, that The Union Trading Company had not purchased Kluge's store, and knew the kind of store that had been established, or by the exercise of ordinary diligence could have learned the kind of store that had been established, then the defendant waived said conditions."

Waiver being a vital matter in the case, an instruction upon that point should be correct in every particular. The waiver is based upon the alleged fact that defendant knew that the store established did not comply with the condi-

tions. It appears, however, that he did not make an examination of the store in all its parts. The theory of defendant in error is that knowledge must be imputed to the plaintiff in error of facts which he would have ascertained by an investigation. That theory is expressed in the instruction which tells the jury that if the renewal note was given with knowledge of the kind of store established, or if plaintiff in error could have learned what kind of a store it was, by the exercise of due diligence, then the defendant waived the conditions upon which the note was given. Waiver is a matter of intention, as has been many times stated by this court.

The instruction bases a waiver upon knowledge imputed to the defendant, and pre-supposes a duty upon his part to verify a statement, made by the company's manager, that the store was about to be made to meet the conditions upon which the subscription was given. That statement could not, at that time, be verified. If the defendant relied upon that information, and it was false, he cannot be penalized for relying upon it. A successor to the interest of the company cannot profit by a misstatement of its manager, upon which the defendant acted in good faith. Defendant was under no obligation to do more than to make the inquiry. The instruction is clearly erroneous and for that reason the judgment is reversed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.