No. 10,551.

NELSON, ET AL. *v.* LUNT.

Decided December 3, 1923.

Action for accounting and specific performance.  Judgment for defendant.

*Affirmed.*

1.  EVIDENCE—*Interested Party—Effect.*  The testimony of an interested party even though uncontradicted, is not to be regarded as establishing the truth of the facts to which such testimony goes.

2.  MORTGAGES—*Deed—Parol Evidence.*  The rule that a deed absolute in form may be shown by parol to be a mortgage, is not applicable where it appears from recitals in the deed that it is not a mortgage.

3.  APPEAL AND ERROR—*Evidence—Equity Case—Presumption.*  In the trial of an equity case it must be presumed that only competent evidence was considered, and incompetent evidence disregarded by the court in reaching a conclusion.

4.  REAL PROPERTY—*Reconveyance—Proof.*  Where a party seeks the reconveyance of property on the ground that his deed was in fact a mortgage, the burden is upon him to establish his right by clear, convincing and unequivocal evidence.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. REES D. REES, Mr. C. E. WAMPLER, for plaintiffs in error.

Messrs. BENEDICT & PHELPS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error brought suit against the defendant in error for an accounting, and for specific performance of an alleged agreement to reconvey to plaintiff a small apartment house.  The complaint alleged, first, that by

the agreement under which the property was conveyed to the defendant, he was to hold, rent and manage it, until reimbursed by plaintiffs for his investment in it, when he was to reconvey the same to plaintiffs. As a second cause of action, plaintiffs set up that the property was conveyed to the defendant in trust, for the benefit of the plaintiffs and the defendant, and that the defendant had repudiated the trust, and claimed the property as his own.

Defendant denied the agreement, plead the statute of frauds, and, by way of counterclaim, alleged that the property had been conveyed to the defendant in satisfaction of an indebtedness of plaintiffs, and prayed that the title might be quieted in him.

Plaintiffs testified to an oral agreement substantially as alleged in the complaint, though the testimony was not very clear as to the exact terms of the agreement. At the close of the plaintiff's case, the court found for the defendant on the merits, dismissed the bill, and quieted title in the defendant.

Plaintiffs bring error and contend, first, that as the evidence of an agreement was not contradicted, the court was bound to believe it and find for the plaintiffs. Such is not the law.

In *Ward v. Atkinson*, 22 Colo. App. 134, 123 Pac. 120, it is held that testimony of a party to a cause, even though uncontradicted, is not to be regarded as establishing the truth of the facts to which such testimony goes. That case is cited with approval in a case decided recently, *Greenlee v. Owens*, 74 Colo. 225, 220 Pac. 496. See, also, *Sonnentheil v. Moerlein Co.*, 172 U. S. 401, 19 Sup. Ct. 233, 43 L. Ed. 492.

Plaintiffs in error also rely upon the law that a deed absolute in form may be shown by parol to be a mortgage. That was not the case presented to the court. The deed of conveyance itself contains a recital as follows:

"As part of the consideration for this conveyance, said second party does cancel and surrender all indebtedness of said first parties held by him at this date."

The indebtedness mentioned was evidenced by promissory notes, which the plaintiffs admitted had been canceled and surrendered to them. The deed further shows a consideration of $250.00 cash paid by the defendant to the plaintiffs, and mentioned in the deed as one of the considerations therefor. The cause is not one, then, in which the plaintiffs are attempting to establish the fact that the deed was a mortgage, there being no debt to be secured.

Plaintiffs further contend that the statute of frauds cannot be relied upon by the defendant, because no cross errors were assigned on the admission of oral testimony. This indicates a failure on the part of the plaintiffs to recognize the real issue before this court. They assert that the judgment should be reversed because it is not sustained by the evidence. Since the statute of frauds makes parol evidence incompetent in a case like this, the trial being to the court, it must be presumed that only competent evidence was considered. In such case the presumption is that the incompetent evidence was disregarded by the court. *Insurance Co. v. Friedenthal,* 1 Colo. App. 5, 27 Pac. 88; *Rollins v. Commissioners,* 15 Colo. 103, 25 Pac. 319; *Springer v. Borden,* 210 Ill. 518, 71 N. E. 345, 38 Cyc. p. 1939.

There was evidence also of the fact that the plaintiffs at the time of making the conveyance signed a written lease for an apartment in the building conveyed, and paid rent for more than six years. There was, then, competent evidence sufficient to justify the court in finding for the defendant.

It may be added that the plaintiffs did not sustain the burden imposed upon them in such cases of establishing their right to a reconveyance by clear, convincing and unequivocal evidence, as the law requires. *Butsch v. Smith,* 40 Colo. 64, 66, 90 Pac. 61.

The judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.