## No. 10,736.

## BEUSHAUSEN *v.* HANDLEY.

Decided December 3, 1923.

Action to rescind contract. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. FRAUD—*False Representations.* Where a party concedes, or the evidence tends to show that he has made misrepresentations as to the value and character of property which he is seeking to sell to another with the expectation that they will be relied upon, he is not in a favorable position before the court to say that the buyer was too credulous and should not have believed him.

2. APPEAL AND ERROR—*Fact Findings.* The record presenting a case where the evidence as to the material issues involved is in conflict, findings of fact by the trial court, supported by sufficient evidence, and judgment based thereon, will not be disturbed on review.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Mr. R. H. MATHEW, Mr. J. PAUL HILL, for plaintiff in error.

Mr. HARRY S. CLASS, Mr. WILLIAM A. STEWART, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Handley, who owned land in Adams county, Colorado, effected an exchange thereof with defendant Beushausen for land which he owned in Nebraska. Plaintiff was ill at the time, and could not go to Nebraska, and the preliminary negotiations were carried on by their respective agents. Before the exchange was consummated the defendant came from his home in Nebraska to the plaintiff's home in Adams county, and upon this visit the exchange was made upon the terms then agreed upon and deeds of conveyance passed. Later the plaintiff Handley seasonably elected to rescind the contract, tendered in court his deed to the defendant for the Nebraska land, and prayed the fitting decree to vest in him the Colorado land. Upon the final hearing, each party producing a large number of witnesses, the court found the issues in favor of the plaintiff and rendered the appropriate decree. While denying the alleged false representations, defendant concedes that, as the evidence on that issue is in irreconcilable conflict, this court probably would not disregard the findings of the trial court thereon. The defendant is correct in his conclusion upon that feature of the case.

The defendant further contends that it was necessary for the plaintiff clearly to prove, even if the defendant made the false representations alleged, that plaintiff relied upon them alone in making the exchange, and not in any degree upon an examination of the Nebraska land which he caused to be made by his brother, who viewed the land before the exchange contract was executed. Even so, there is evidence in the record upon which the court might find that plaintiff had fully sustained the burden resting upon him. There was a mortgage of several thousand dollars upon the defendant's Nebraska land, the payment and discharge of which, under the terms of the exchange, the plaintiff was required to assume. Plaintiff, in effect, testifies that he relied solely on defendant's statements as to value and quality, and sent his brother to Nebraska to see the land there situate, not for the purpose

of ascertaining its quality or value, but in order to get his brother's judgment whether or not he could safely make the exchange and assume the indebtedness, on the assumption that the land was of the quality and value which the defendant represented it to be. Plaintiff further testifies that his brother did not report to him, nor did he ask his brother about the character or the value of the land. There is no direct evidence to the contrary upon this point and plaintiff is corroborated by his wife. The trial court saw these witnesses and was in better position than this court is to determine their veracity, as well as the weight and sufficiency of the testimony. Where a party concedes, or where the evidence tends to show, that he makes misrepresentations as to the value and character of his property which he is seeking to sell to another, with the expectation that they will be relied upon, he is not in a favorable position before the courts to say that the buyer was too credulous and should not have believed him. For this court, in the circumstances of this case, to reverse the judgment would be equivalent to saying that the plaintiff and his wife testified falsely as to his purpose in sending his brother to Nebraska to view the land, and as to what the brother told him upon his return. The record merely presents a case where the evidence as to the material issues involved is in conflict. We can not say that the evidence is insufficient to support the findings of the trial court. The application for *supersedeas* is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.