## No. 11,190.

### LEWIS *v.* WINSLOW, ET AL.

Decided March 2, 1925.   Rehearing denied April 6, 1925.

Action for cancellation of deed.   Judgment for plaintiffs.

### *Affirmed.*

### *On Application for Supersedeas.*

1. PLEADING—*Complaint—Fraud.*  In an action to cancel a deed alleged to have been procured through false representations, allegations of the complaint reviewed and held to state facts sufficient to constitute a cause of action.

2. FRAUD—*Misrepresentations.*  Representations of value, or cost, or quality of property, if made with the purpose of having them accepted by the party to whom they are made as of fact, and so relied upon, are to be treated as representations of fact.

3. PRINCIPAL AND AGENT—*Exchange of Property—Agency.*  Where real estate brokers made misrepresentations concerning property on authority of the owner, under the facts disclosed the contention that they were not his agents, overruled.

4. FRAUD—*Misrepresentations.*  In an action for cancellation of a deed given in exchange for property, on the ground of fraud, where defendant had full knowledge of his property, its character and value, of which plaintiffs were ignorant, it is held under the facts of record that plaintiffs were not negligent in failing to make an investigation before closing the deal.

5. APPEAL AND ERROR—*Findings.*  The findings which are controlling on review, are those contained in the formal decree, not the discussion of the case by the court from the bench.

6. *Correct Judgment—Wrong Reason.*  A wrong reason assigned by the trial court, will not vitiate a right judgment.

7. *Evidence—Presumption.*  In cases tried by the court without a jury, it will be presumed on review that only competent evidence was considered by the court in reaching a conclusion.

8.    *Facts, How Viewed.* On review, all questions of fact must be resolved in favor of the judgment.

9.    *Findings—Conflicting Evidence.* Fact findings of the trial court based on conflicting evidence, will not be disturbed on review if supported by sufficient evidence.

10.   FRAUD—*Cancellation of Deed.* In an action for cancellation of a deed on the ground of fraudulent misrepresentations, evidence reviewed and held to sustain a decree of cancellation.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. L. R. TEMPLE, Messrs. STOW & STOVER, Mr. W. K. LILLEY, for plaintiff in error.

Mr. FANCHER SARCHET, Mr. W. H. WINSLOW, JR., for defendants in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT was brought by defendants in error against plaintiff in error to cancel a deed given by plaintiffs to defendant, and for other appropriate relief, on account of alleged false and fraudulent representations made to procure the deed. The parties will be designated here as in the court below. Trial to the court, findings and judgment for plaintiffs, and defendant brings the case here. Supersedeas is applied for. The position of defendant is that the complaint fails to state a cause of action and that the proof fails to sustain the allegations of the complaint.

The allegations of the complaint as to the false representations are in substance as follows: That defendant, on December 20, 1923, to induce plaintiffs to convey to defendant the property owned by plaintiffs, in Fort Collins, offered through Shaw & Vopat, the agents of defendant in that behalf, to transfer to plaintiffs a promissory note in the principal sum of $8,500, dated March 1, 1920, payable

to defendant on or before March 1, 1925, bearing interest at the rate of six per cent per annum, and a deed of trust to certain lands in Cheyenne county, Colorado, securing the note; that the maker of the note was one Swanson; that one Hovendick was an endorser on the note; that to induce plaintiffs to convey their property to defendant, the defendant, through his agents Shaw & Vopat, falsely and fraudulently represented to plaintiffs that the note as secured by the deed of trust was of the value of $8,500; that the note as secured by the deed of trust was a gilt-edge security; that the maker of the note was financially responsible and wealthy; that the maker and endorser of the note were able to and would pay the interest on the note when due, and were financially able to and would pay the principal sum of the note when due, or when default was made in any of the terms or conditions of the note or deed of trust securing the same; that the land on which the deed of trust was given was of sufficient value to make the note well secured; that the deed and note were of such character as to make them easily negotiable for the amount of the note; that the note and deed of trust were so valuable that they could be exchanged for property of the value of $8,882.50, without the payment of any commission for the exchange; that the note and deed of trust were so valuable as to make them as valuable as money in the amount of $8,882.50, so far as obtaining other property therefor was concerned; that there was a good house and other improvements on the land; that the house on the land was of the value of $4,000; that all the taxes on the land had been paid; that the deed of trust was a first lien on the land, and that the title to the land was in Hovendick.

Plaintiffs then allege that fully believing the false and fraudulent representations so made, they conveyed their property to defendant in consideration of the note and trust deed. The complaint also alleged that the false and fraudulent representations were made by defendant to his agents, Shaw & Vopat, and with the design that the agents should communicate the same to the plaintiffs. The com-

plaint contains all other allegations necessary in an action of this character.

The complaint unquestionably states facts sufficient to constitute a cause of action: *Zang v. Adams*, 23 Colo. 408, 411, 48 Pac. 509, 58 Am. St. Rep. 249; *Groves v. Chase*, 60 Colo. 155, 161, 162, 151 Pac. 913; *Divine v. George*, 72 Colo. 17, 209 Pac. 507; *Lee, et al. v. Smith*, 72 Colo. 135, 209 Pac. 870; *Jasper v. Bicknell*, 62 Colo. 318, 320, 162 Pac. 144; *Hagadorn Inv. Co. v. Rieke*, 60 Colo. 555, 155 Pac. 381; *Mattauch v. Walsh*, 136 Ia. 225, 113 N. W. 818.

It is urged that the allegations of the complaint as to the note, as secured by the trust deed, being gilt-edged security; as to the maker of the note being financially responsible and wealthy; as to the endorser being financially responsible and wealthy; as to the land, upon which the trust deed was given to secure the note, being of sufficient value to make the note well secured, and as to there being a good house on the land of the value of $4,000, are mere opinions of value, and can not be made the basis of an action. The same claim is made concerning the allegations respecting the nonpayment of taxes; that the trust deed was a first lien on the property, and that the title to the land was in Hovendick. We can not assent to this view. These allegations are, we think, fully supported by the authorities cited wherein it is held, in substance, that representations of value, or cost or quality, of property, if made with the purpose of having them accepted by the party to whom they are made, as of fact, and so relied upon, are to be treated as representations of fact.

It is contended that Shaw & Vopat were not shown to be the agents of the defendant, and that it was not shown that the note had been listed with them by defendant; that Vopat testified that defendant did not pay them a commission for handling the note.

It is undisputed that defendant paid Shaw & Vopat $200 to make the deal. It is immaterial how the sum paid be designated. It would seem that Shaw & Vopat were the agents of both parties and the evidence shows that they

made the representations alleged by authority of defendant. It is significant that defendant went to Cheyenne Wells and solicited certain owners of real estate, and real estate agents, there to write letters relative to the land and improvements and their value and quality. This property was situate in Cheyenne county, and somewhere from 150 to 175 miles from Fort Collins where plaintiffs resided at the time of the transaction in question. Defendant had full knowledge of the property, its character, quality and value, of which the plaintiffs were ignorant. It is said, however, that plaintiffs were negligent in not making an examination of the security before closing the deal. In the circumstances of this case we do not think that plaintiffs are to be penalized for not having made such investigation.

The following cases, in addition to those already cited, sustain us in this position: *Wilson v. Higbee,* 62 Fed. 723, 726; *Sellar v. Clelland,* 2 Colo. 532, 544, 545; *Beushausen v. Handley,* 74 Colo. 280, 221 Pac. 519; *Dunshee v. Novotny,* 77 Colo. 6, 233 Pac. 1114.

In *Everist v. Drake,* 26 Colo. App. 273, 143 Pac. 811, relied upon by defendant as being controlling in the instant case, the court cites with approval *Baum v. Holton,* 4 Colo. App. 406, 36 Pac. 154, in which it was held in substance that, while it was true that as between seller and buyer statements of value by the former ought not to be taken as trustworthy by the latter, yet the court said "but this rule does not hold good where * * * one of the parties professes to have special knowledge of the value of the property, and of which the other, being ignorant, to the knowledge of the former, trusts to his good faith."

Criticism is made that the remarks of the court made during the trial and at its conclusion show that the court failed to grasp the issues of the case. "The findings which control this court are the formal findings in the decree, not the discussion of the case by the court from the bench. * * * A wrong reason will not vitiate a right judgment." *McMillan v. Harbert,* 74 Colo. 161, 162, 219 Pac. 1070.

Complaint is made that the court erred in admitting certain evidence over defendant's objection. If there was error in this regard the error was harmless. In the trial of cases to the court without a jury it must be presumed that only competent evidence was considered, and incompetent evidence disregarded, by the court in reaching a conclusion. *Insurance Co. v. Friedenthal*, 1 Colo. App. 5, 27 Pac. 88; *Rollins v. Commissioners*, 15 Colo. 103, 111, 25 Pac. 319; *Nelson v. Lunt*, 74 Colo. 265, 267, 220 Pac. 1006.

We have held that on review "all questions of fact must be resolved in favor of the judgment." *Boldt v. Motor Co.*, 74 Colo. 55, 218 Pac. 743.

Also that where the evidence is conflicting we cannot disturb the findings of the trial court, if supported by sufficient evidence. In *Beushausen v. Handley, supra,* where the character of the action is the same as the instant case, this Court said: "The record merely presents a case where the evidence as to the material issues involved is in conflict. We can not say that the evidence is insufficient to support the findings of the trial court."

Although the evidence is conflicting in the instant case, the record discloses abundant testimony that the alleged representations were made substantially as alleged; that they were false and fraudulent; that they were made by Shaw & Vopat to plaintiffs; that they were made by defendant to Shaw & Vopat for the purpose of giving the information to the plaintiffs; that plaintiffs relied upon the statements so made to them. There was evidence also showing that the value of the land and improvements would not exceed $6,000 or $7,000; that the value of the house on the land would not exceed $2,000; that the land had been sold for the taxes of 1921, and not redeemed. There was evidence showing the value of plaintiff's property to be from twenty to twenty-one thousand dollars with an incumbrance of $12,000. Also there was evidence showing that the maker and endorser were not financially responsible and were not wealthy. Perhaps we should say that Hovendick was not an endorser. He had merely assumed the payment of the note.

It will serve no useful purpose to recite the evidence at length. It is sufficient to say that we have read the entire record, and we are. of the opinion that the evidence supports the allegations of the complaint and that there is ample competent testimony to sustain the findings and decree of the court.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.