## No. 11,609.

## McDONALD v. McFERSON, BANK COMMISSIONER.

Decided June 21, 1926. Rehearing denied September 27, 1926.

Action by bank commissioner against the stockholder of a bank to enforce the latter's statutory liability. Judgment for plaintiff.

### Affirmed.

### On Application for Supersedeas.

1. EVIDENCE—*Bank Commissioner.* In an action to enforce the statutory liability of a stockholder of a bank, a deputy bank commissioner in charge of the liquidation of its affairs may testify as to the amount of claims allowed by him against the bank.

2. *Book Accounts—Summary.* In actions involving the examination of voluminous book accounts, a summary prepared by a competent person is the only practicable way of presenting such evidence.

3.     *Banks—Stockholders.* In an action by a bank commissioner to enforce the statutory liability of a stockholder of a bank, any evidence which would be good against the bank, is good against the stockholder.

4.     Banks and Banking—*Commissioner—Allowance of Claims.* In the winding up of the affairs of a bank by the bank commissioner, his allowance of indebtedness against the bank is the same as if allowed by the bank itself.

5.     Appeal and Error—*Court Trial—Evidence.* In a trial to the court, if there is sufficient competent evidence to sustain a finding, the cause will not be reversed for the admission of incompetent evidence to the same point.

6.     Evidence—*Banks and Banking—Books.* The finding of a stock ledger among the books of a bank is prima facie evidence that it is one of the bank books.

7.     *Bank Books—Mutilation.* The mere fact that some of the pages have been removed from a bank stock ledger, does not of itself indicate that the remaining pages are not correct.

8.     Banks and Banking—*Stockholders—Liability.* The purpose of the statute creating liability of bank stockholders, is to provide a fund for the payment of the debts of the bank.

9.     *Stockholders—Liability—Set-off—Deposits.* A stockholder of a bank may not set off the amount of his deposits therein against his statutory liability.

10.    *Stockholders—Liability—Indebtedness.* The statutory liability of a bank stockholder is not an indebtedness to the bank as that term is used in section 2734, C. L.

11.    Pleading—*Defective—Bill of Particulars.* A complaint, which is defective by reason of insufficient detailed statement of an account, is cured by the filing of a proper bill of particulars.

*Error to the District Court of Washington County, Hon. H. E. Munson, Judge.*

Mr. L. F. Crawford, for plaintiff in error.

Messrs. Pelton & Chutkow, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

McFerson, as bank commissioner, on a trial to the court, had a judgment against McDonald on a suit to enforce the latter's statutory liability as a stockholder in the Farmers State and Savings Bank which was in liquidation in the hands of the commissioner, and the defendant brings error and moves for supersedeas.

He introduced no evidence at the trial but contends here that a nonsuit should have been granted because: (1) No indebtedness of the bank was proved; (2) he was not shown to be a stockholder. He also claims that his balance on deposit in the bank should have been set off against his statutory liability as a stockholder.

The claim that no indebtedness of the bank was proved is based on the theory that the evidence thereof was incompetent. The court permitted one Fitzgerald, the deputy bank commissioner who had immediate charge of the liquidation, in testifying with his own books of account before him, to state from those books the amount of claims allowed by him against the bank. We think the court was right. If an officer of the bank who had authority to allow claims against it should testify, might he not state that a given claim was a valid one? Surely no one would deny it. But the commissioner has such authority by statute (C. L. §§ 2730 to 2736); his testimony, therefore, of the amount of these claims was competent. It is manifestly relevant, and therefore prima facie sufficient, and, since there was no evidence to the contrary, justifies the conclusion that the bank was indebted to the amount stated.

It is objected that a summary of these allowances was received in evidence. A summary is the only practicable way of receiving such evidence. *Fidelity & Deposit Co. v. Bassett,* 133 Wash. 77, 233 Pac. 325; Code § 391; Wigmore Ev. § 1230.

It is objected that the books of the bank were not

present and therefore a summary was improper; but the summary was of the books of the commissioner which were present; the bank's books were the evidence upon which he made his own books and his allowances. In such cases as this any evidence which would be good against the bank is good against the stockholder. 3 R. C. L. 417. The commissioner represents the bank and his allowances of indebtedness against the bank are as if they were the allowances of the bank itself. The question whether they are res adjudicata is not before us.

Objection is made to some other evidence of the existence of the indebtedness, but, since the trial was to the court, even if that evidence were incompetent we could not reverse on the ground of its admission, because, as shown above, there is sufficient competent evidence to justify the finding. In such case we do not reverse the judgment for the admission of incompetent evidence to the same point. *Lewis v. Winslow,* 77 Colo. 95, 234 Pac. 1070; *Insurance Co. v. Friedenthal,* 1 Colo. App. 5, 27 Pac. 88; *Nelson v. Lunt,* 74 Colo. 265, 220 Pac. 1006; *Rowe v. Johnson,* 33 Colo. 469, 81 Pac. 268; *Kilham v. W. B. & S. D. Co.,* 30 Colo. 365, 70 Pac. 409.

As to the claim that defendant was not shown to be a stockholder, Exhibit L, the bank's stock book, at page 26, shows him to be the owner of 20 shares. It is objected that this book should not have been admitted in evidence because it was not properly proved and because it was mutilated. It was shown, however, by the testimony of Fitzgerald, to have been found among the books of the bank as its stock ledger, and that is prima facie sufficient upon that point. *McHose v. Wheeler,* 45 Pa. St. 32; *Zang v. Wyant,* 25 Colo. 551, 56 Pac. 565, 71 Am. St. Rep. 145. As to its mutilation, the first 18 pages are cut out, but there is no mutilation on the page 26 nor anything to indicate that that or any other remaining page is not correct. This was sufficient prima facie. The statute requires the book to be kept and makes it evidence. C. L. § 2268.

We do not consider objections to other evidence on this point for the reasons stated above concerning like objections to evidence on the question of indebtedness.

As to the claim of set off, we think it was rightly denied. The purpose of the statute creating the stockholders' liability is to provide a fund for the payment of the debts of the bank. *Zang v. Wyant, supra.* Stockholders are ordinarily also depositors and the effect of allowing a set-off of their deposits against their liability to contribute to such fund would make stockholders who are depositors preferred creditors against the fund, and, in a measure, defeat its purpose.

C. L. §2734 is as follows: "Sec. 82. Deposits of all persons indebted to any bank in the possession of the state bank commissioner, whether such indebtedness is due or to become due, shall be by him applied on account of such indebtedness. [L. '13, p. 136, § 79.]" And plaintiff in error claims that the set off must therefore be allowed, but we think the stockholders' liability is not an indebtedness within the meaning of that section, and the claims are not in the same right. The statutory liability is due to the creditors (*Zang v. Wyant, supra*) and the deposit is due from the bank. *Duke v. Force,* 120 Wash. 599, 208 Pac. 67, 23 A. L. R. 1354.

The plaintiff in error claims that certain provisions of the statute are unconstitutional because special legislation, and because they change the rules of evidence, and because they violate the due process clause and for other reasons; but these claims are so obviously erroneous they do not need discussion.

It is claimed that the complaint states no cause of action, because it does not allege the amount of claims allowed against the bank or debts of the bank, but merely that the total claims, proven and unproven, amounted to $56,421.98, and that there are assets amounting to $5,607.86 and that there is a deficit of $50,914.12. This is defective, but the court granted a motion to make more definite by setting out the amount of proven claims

which was done by bill of particulars, and the error was thus cured.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.