## No. 9959.

### CAPITAL LIVESTOCK INSURANCE CO. *v.* CAMPION, ET AL.

Decided February 6, 1922.   Rehearing denied March 6, 1922.

Action on policy of insurance.   Judgment for plaintiff.

### *Affirmed.*

1. INSURANCE—*Application.*  Where an insurance policy on livestock provided that the company should not be liable for the death of any cow which was or became bred, but the application contained no answers to questions concerning that subject and was accepted by the company's agent and home office, it was estopped to raise the question as a defense to an action on the policy.

2. EVIDENCE—*Hearsay—Harmless Error.*  Where a party was allowed to testify to communications received from his foreman as to losses of cattle, the error, if any, was harmless where the facts testified to were corroborated by a witness of the opposing party and were fully established by the foreman himself.

3. INSURANCE—*Payment of Premium—Waiver.*  A condition of an insurance policy that the insurance should not be in force until the premium was paid, could be waived by a general agent of the company.

4. *General Agents—Authority.*  General insurance agents are empowered to waive conditions of forfeiture in a policy, and their knowledge is the knowledge of the insurer, notwithstanding any excess of their actual authority.

*Error to the District Court of the City and County of Denver, Hon. John T. Shumate, Judge.*

Mr. LESLIE E. HUBBARD, Mr. SAMUEL N. HAWKES, Mr. RALPH E. C. KERWIN, for plaintiff in error.

Mr. H. A. HICKS, Mr. A. T. MONSON, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by insured against insurer upon a policy of live stock insurance to recover for losses sustained. Judgment was for plaintiff, and defendant brings the case here.

A large number of alleged errors are assigned. Many of them are more or less relevant to that defense set up in the answer which, in substance, is that the live stock lost consisted of cows that were bred at the time of the issuance of the policy or became bred thereafter. This alleged fact was dwelt upon at the trial by defendant because of a provision in the policy to the effect that the company "shall not be liable for the death of any animal, * * * if a cow and it be or become bred." In this connection, the rulings complained of either were not erroneous or constituted but harmless error. There was no representation in the application for insurance as to whether the cows were bred. The application, and subsequently the policy, described the property insured as follows: "604 head of mixed Hereford and Shorthorn cattle, * * * viz: 580 head of cows from 3 to 7 years old, and 24 head of bulls from 3 to 4 years old, all such animals being located near Ellsworth, Nebraska." The location was further described as "Section 30," etc., and from all that appears in the record the cattle were kept in one herd, and it was so understood by both insurer and insured, and both parties should be presumed to know that the cows, or some of them would likely become bred. · The insurer both by its agent and at its home office accepted the application which contained no answers with reference to the condition of the cattle in respect to being or becoming bred, but did contain questions and answers as to other conditions. The defendant should be deemed to be estopped to raise the question now. Furthermore, the evidence of the plaintiffs shows that the losses occurred from causes unaffected by any condition of the animals resulting from being bred. No evidence was offered by

defendant to the effect that the cows were bred. There is no reversible error in the record as to this branch of the case.

Plaintiffs' witness A. J. Campion was allowed to testify as to communications he had received from his ranch foreman at Ellsworth, Nebraska, concerning the occurring of losses or death of cattle. If this was admission of hearsay evidence, the record shows that the error is harmless. Defendant's own witness Trier gave testimony in corroboration of Campion, and the facts testified to by Campion, in this connection, were fully established by the testimony of the ranch foreman himself.

It is contended that the policy was never in force because the premium was not paid until after the last loss was sustained. Reliance is had upon a clause of the policy providing that "the insurance shall not be in force or effect until and unless * * * the premium thereon is paid." Provision of such clauses may be waived. They may be waived by a general agent. In the instant case, the provision was waived by the acts of the defendant's general agent, the firm of Drake & Sons, Insurancers, Inc. It retained the premium after it was paid. The premium was paid according to the agreement between the general agent and insured, the agent allowing 60 days for the payment. The controlling fact, however, is that the general agent waived the requirement that premium be paid in advance. There is no error in the record, in this connection. 25 Cyc. 1517; *Insurance Co. v. Friedenthal,* 1 Colo. App. 5, 27 Pac. 88; *Schoneman v. Insurance Co.,* 16 Nebr. 404, 20 N. W. 284.

The plaintiff in error contends that whatever waiver there was of any provision of the policy, was by the acts of Drake & Sons, and that this firm, or Drake, had no authority to waive any clause or the provisions thereof. The contention further is that Drake was not a general agent, but only a soliciting agent, and reliance is placed upon the provisions of the insurance code, paragraph 9,

section 3107 R. S. 1908, to the effect that no statement or declaration made by an agent, not contained in the application, shall be taken or considered as having been made by, or brought to the notice or knowledge of, the company, or as charging it with any liability by reason thereof. If Drake, or his firm, was a mere soliciting agent, this statutory provision might have some application in the instant case, but he was not. He was a general agent, having express authority to appoint and supervise soliciting agents, and when he undertook to take applications he was still a general agent. Performing the duties of a soliciting agent did not divest him of his character as a general agent, in which capacity, at various times, he appeared to act and deal with plaintiffs, and in which character he was held out by defendant to the general public. From various facts, most of them undisputed, appearing in the record, Drake & Sons should be treated as general agents. As such general agents they were empowered to waive conditions of forfeiture in the policy, and it should be held that their knowledge is the knowledge of the insurer, notwithstanding any excess of their actual authority. 14 R. C. L. 1158.

It seems clearly established by the record that the policy of insurance was issued and became effective; that the insured suffered the losses intended to be indemnified by the insurer; and, that plaintiffs were guilty of no fraud or concealment. Under such circumstances, the insured ought, in justice, to recover. In our opinion the record shows no such error as affected the substantial rights of the defendant.

The judgment is affirmed.

MR. JUSTICE TELLER, and MR. JUSTICE DENISON agree with the conclusion.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.